Filed 10/5/21  P. v. Smart CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>  v.<br><br>STEPHANIE ANN SMART,<br><br>       Defendant and Appellant. | C093192<br><br>(Super. Ct. No. 20F0041) |

Defendant Stephanie Ann Smart pled no contest to assault with a deadly weapon resulting in great bodily injury, assault with a deadly weapon, and threatening to commit a crime resulting in death while on bail.  The trial court sentenced defendant to five years and eight months in prison.  Defendant appeals her sentence, asserting the trial court improperly considered her lack of remorse as an aggravating circumstance, and remand for resentencing is appropriate because the error was prejudicial.  We conclude defendant forfeited the argument she raises on appeal and thus affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying defendant's case are irrelevant to the contention raised on appeal. Suffice it to say defendant and an unknown accomplice threatened and severely beat the victims with their fists and a golf club.

As to sentencing, defendant received a copy of the probation report and the district attorney's sentencing recommendation prior to the sentencing hearing. The probation report recommended a sentence of five years eight months in prison and was based, in part, on defendant's lack of remorse. At the hearing, defendant argued for a mitigated term of 16 months based on her lack of prior felony convictions and her minor participation in the attack. She further asserted a mitigated sentence was justified because there was good reason to suspect one of the victims was responsible for her sister's death. The prosecution argued for the recommended sentence.

The trial court sentenced defendant in accordance with the sentencing recommendation as follows: the upper term of four years for assault with a deadly weapon resulting in great bodily injury, one-third the middle term of one year for assault with a deadly weapon, and one-third the middle term of eight months for threatening to commit a crime resulting in death while on bail. The trial court justified the imposition of the upper term on the grounds defendant participated in the attack while on probation, the victims sustained brutal injuries, and defendant lacked remorse and failed to take responsibility for her actions. The trial court then advised defendant of her right to appeal the decision and provided defendant an opportunity to respond. Defendant had nothing further to add.

DISCUSSION

Defendant contends the trial court improperly used her lack of remorse to justify the upper term for the assault with a deadly weapon resulting in great bodily injury count because she entered the no contest plea pursuant to *West*. (Citing *People v. West* (1970) 3 Cal.3d 595.) A defendant entering a *West* plea does not admit the plea's factual basis,

which "allows a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or her innocence." (*People v. Rauen* (2011) 201 Cal.App.4th 421, 424.) In essence, defendant asserts that, because she did not admit guilt and pled no contest to take advantage of the prosecution's plea bargain, the court erred when it relied upon her lack of remorse. The People assert defendant forfeited the argument because she failed to object to the trial court's imposition of the upper term on that ground. We agree with the People.

"In order to encourage prompt detection and correction of error, and to reduce the number of unnecessary appellate claims, reviewing courts have *required* parties to raise certain issues at the time of sentencing. In such cases, lack of a timely and meaningful objection forfeits or waives the claim." (*People v. Scott* (1994) 9 Cal.4th 331, 351.) This forfeiture "doctrine should apply to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices . . . or [when it] failed to state any reasons or give a sufficient number of valid reasons." (*Id.* at p. 353.) Litigants must have a meaningful opportunity to object and this occurs "only if, during the course of the sentencing hearing itself and before objections are made, the parties are clearly apprised of the sentence the court intends to impose and the reasons that support any discretionary choices." (*Id.* at p. 356.)

Here, defendant was aware of the sentencing recommendation before the sentencing hearing. Defendant argued for a mitigated sentence but never argued the recommended sentence was inappropriate because it was based on lack of remorse as an aggravating circumstance -- even though lack of remorse was specifically called out as an aggravating circumstance in the sentencing recommendation. After the court explained the upper term was justified in part because of defendant's lack of remorse and her failure to take responsibility for her actions, the court gave the parties an opportunity to respond. Defendant declined the opportunity to raise any further objections. Defendant had a meaningful opportunity to object to the trial court's justification for imposing the upper

term on the ground raised in this appeal and failed to do so. She has thus forfeited the argument.

Defendant asserts she did not forfeit the argument because an objection was "totally unnecessary" given she had already stated she opposed imposition of the upper term. Defendant's argument is without merit. "An objection is sufficient if it fairly apprises the trial court of the issue it is being called upon to decide. [Citations.] In a criminal case, the objection will be deemed preserved if, despite inadequate phrasing, the record shows that the court understood the issue presented." (*People v. Scott* (1978) 21 Cal.3d 284, 290.) Here, the trial court neither understood nor contemplated that defendant believed the court was improperly relying on defendant's lack of remorse as an aggravating circumstance. (Cf. *ibid.* [finding no forfeiture of claim because record revealed the trial court fully understood and considered the nature of the constitutional challenges the defendant raised on appeal].) An objection was necessary to apprise the trial court of defendant's argument and to give the court an opportunity to address the argument during sentencing. Defendant's general argument in favor of a mitigated sentence did not preserve her specific argument raised on appeal.

To the extent defendant asserts the trial court erred in failing to consider her early plea as a mitigating circumstance, the argument is forfeited as well. First, defendant failed to raise the specific argument under a separate heading in her brief. (Cal. Rules of Court, rule 8.204(a)(1)(B) [each point must be raised under a separate heading or subheading summarizing the point]; *Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179 ["Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading"].) Second, defendant did not raise the argument in the trial court during the sentencing hearing when she identified the mitigating circumstances which she believed warranted the mitigated sentence of 16 months. We thus do not consider the merits of her argument.

4

## DISPOSITION

The judgment is affirmed.

/s/
Robie, Acting P. J.

We concur:

/s/
Mauro, J.

/s/
Hoch, J.

5