Filed 3/15/23  P. v. Dominguez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOE VALDEZ DOMINGUEZ,<br><br>Defendant and Appellant. | F084187<br><br>(Super. Ct. No. VCF241607D)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Antonio A. Reyes, Judge.

Valerie G. Wass, under appointment by the Court of Appeal, for Plaintiff and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Chung Mi Choi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Detjen, Acting P. J., Peña, J. and Smith, J.

Defendant Joe Valdez Dominguez pled no contest to two counts of attempted murder, one count of conspiracy to commit murder, and 23 other offenses, and admitted various firearm, prior conviction, prior prison term, and street gang/terrorism allegations. He petitioned the superior court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his two attempted murder convictions. The superior court summarily denied the petition at the prima facie stage, without appointing counsel.

On appeal, defendant argues the trial court prejudicially erred in failing to appoint counsel and in denying the petition at the prima facie stage. Specifically, he argues that he pled a prima facie case for relief and his convictions did not render him ineligible for relief as a matter of law. The People disagree, contending that defendant's conviction for conspiracy to commit murder and the record of conviction demonstrate that he had the intent to kill with respect to counts 2 and 3 and was therefore ineligible for relief under section 1172.6 as a matter of law. We reverse.

## PROCEDURAL HISTORY[2]

On December 18, 2012, the Tulare County District Attorney filed a 26-count information charging defendant with conspiracy to commit murder (§§ 182, subd. (a)(1), 187; count 1), premeditated attempted murder of K.S. (§§ 187, subd. (a), 664; count 2), premeditated attempted murder of D.S. (§§ 187, subd. (a), 664; count 3), and discharging a firearm at an inhabited dwelling (§ 246; count 4), among other offenses and special allegations. As to counts 1 through 4, the information alleged: two allegations that a principal discharged a handgun causing great bodily injury (§ 12022.53, subds. (c), (d), & (e)(1)), that the offenses were committed for the benefit of a criminal street gang

---

[1]    Undesignated statutory references are to the Penal Code. Former section 1170.95 recently was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the current section 1172.6 in this opinion.

[2]    We summarize only the procedural history relevant to our review of the order denying defendant's section 1172.6 petition.

2.

(§ 186.22, subd. (b)(1)(C), (b)(4)), and that defendant had served a prior prison term (§ 667.5, former subd. (b)).

On August 16, 2013, defendant pled no contest to all charges and special allegations pursuant to *People v. West*.[3]

On September 16, 2013, the trial court sentenced defendant to an aggregate term of 75 years to life plus 18 years four months. As to counts 1 through 3, the court imposed the following terms: on count 1, 25 years to life, plus two consecutive 25-year-to-life firearm enhancements; on counts 2 and 3, 15 years to life, plus a 25-year-to-life firearm enhancement, stayed pursuant to section 654; and on count 4, 15 years to life, plus two consecutive 25-year-to-life firearm enhancements, stayed pursuant to section 654.

On March 15, 2022, defendant filed a section 1172.6 petition seeking resentencing on counts 2 and 3, and requesting appointment of counsel.

On March 17, 2022, without first appointing counsel, the trial court summarily denied the petition as follows: "Based on conviction of conspiracy directly aided and abetted the target crime of attempted murder. Petition denied."

On April 6, 2022, defendant filed a notice of appeal.

---

[3] *People v. West* (1970) 3 Cal.3d 595. A *West* plea is " 'a plea of nolo contendere, not admitting a factual basis for the plea,' " which "allows a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or her innocence." (*People v. Rauen* (2011) 201 Cal.App.4th 421, 424.)

## **DISCUSSION[4]**

### I.     Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) "to amend the felony murder rule and the natural and probable consequences doctrine … to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f); see § 189, subd. (e); accord, *People v. Strong* (2022) 13 Cal.5th 698, 707–708.)

Senate Bill 1437 accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or

---

**4**     Defendant entered a no contest plea pursuant to *West* and therefore admitted no factual basis for the offenses. The trial court did not explicitly find a factual basis for the plea or identify the source from which it made any implicit finding of factual basis for the plea.

The People's argument relies on the portion of the factual summary in our prior opinion on defendant's direct appeal related to the conspiracy to commit murder and attempted murder convictions. (*People v. Dominguez* (Sept. 3, 2015, F068122) [nonpub. opn.] (*Dominguez*).) However, we decline to repeat that portion of the factual summary because, as explained below, it was not properly considered in resolving his section 1172.6 petition.

For those reasons, we provide no factual summary in this opinion. We also decline the People's request for judicial notice insofar as they ask us to judicially notice the factual summary of our prior opinion in case No. F068122, but we otherwise grant the request for judicial notice because the People also direct us to a portion of the procedural summary from that opinion as part of their argument and consideration of the procedural summary and discussion are necessary to resolving the People's argument. (*Dominguez*, *supra*, F068122; Evid. Code, §§ 452, subd. (d), 459, subds. (a)–(c).)

she may be convicted of murder.  (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842–843.)

Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1)  The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2."[5]  (§ 189, subd. (e); accord, *Gentile*, *supra*, 10 Cal.5th at p. 842.)

Senate Bill 1437 also added section 1172.6 (former § 1170.95) to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above."  (*Gentile*, *supra*, 10 Cal.5th at p. 843.)  This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter …."  (§ 1172.6, subd. (a).)

"Section [1172.6] lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing."  (*Gentile*, *supra*, 10 Cal.5th at p. 853.)  First, an offender must file a petition in the sentencing court averring that:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

---

[5]    Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer.  (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)–(3); see also § 1172.6, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959–960 (*Lewis*).)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1172.6, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1172.6, subd. (b)(2).) Otherwise, the court must conclude that the defendant has filed a facially sufficient petition and counsel must be appointed, if requested. (§ 1172.6, subd. (b)(3); *Lewis*, *supra*, 11 Cal.5th at p. 966 ["a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes [a] prima facie determination" in consideration of the record of conviction].)

Only *after* counsel is appointed to represent a defendant who filed a facially sufficient petition does the trial court determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)–(c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961–963, 966–967; see *People v. Strong*, *supra*, 13 Cal.5th at p. 708.) In making the prima facie determination, the court may rely on " 'the record [of conviction], including [its] own documents, "contain[ing] facts refuting the allegations made in the petition ...." ' " (*Lewis*, *supra*, 11 Cal.5th at pp. 970–971, 972.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at pp. 971–972.) Further, in resolving the prima facie inquiry in light of the record of conviction, the court cannot consider prior appellate opinions in the matter (except the procedural history recited in any such opinions). (§ 1172.6,

6.

subd. (d)(3) [precluding consideration of such evidence at any order to show cause hearing pursuant to section 1172.6]; *People v. Clements* (2022) 75 Cal.App.5th 276, 292, citing Sen. Bill No. 775 (2021–2022 Reg. Sess.), Stats. 2021, ch. 551 (*Clements*); see *People v. Flores* (2022) 76 Cal.App.5th 974, 988 ["[i]f such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage"].)  If, in light of the record of conviction, defendant's petition fails as a matter of law, the trial court may summarily deny it.  (*Lewis*, at p. 974.)

If the sentencing court determines the petitioner has made a prima facie showing, the court must issue an order to show cause[6] and hold a hearing to determine whether to vacate the murder conviction.  (§ 1172.6, subds. (c), (d)(1).)  At this evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder … under California law as amended by the changes to [s]ection 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (d)(3).)

Prejudice is not presumed when a defendant's facially sufficient petition is denied prior to appointment of counsel.  Instead, a defendant " 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' "  (*Lewis*, *supra*, 11 Cal.5th at p. 974.)

## II.    Appointment of Counsel

Petitioner contends the trial court erred by summarily denying his facially sufficient petition—seeking resentencing on counts 2 and 3—rather than appointing

---

[6]     "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."  (§ 1172.6, subd. (c).)

counsel, allowing briefing to state a prima facie case, issuing an order to show cause, and otherwise following the procedures of section 1172.6, subdivisions (b)(3) and (c).

Our Supreme Court has resolved any ambiguity regarding whether section 1172.6 requires the appointment of counsel or further briefing immediately upon the filing of a facially sufficient petition; it does. (See *Lewis*, *supra*, 11 Cal.5th at pp. 961–967.) Counsel must be appointed if requested, and briefing must proceed, so long as the petition complies with the requirements of section 1172.6, subdivision (b)(1) and (2). (§ 1172.6, subd. (b)(3); accord, *Lewis*, at pp. 962–963, 967.) Here, the People do not argue the petition failed to meet the requirements of section 1172.6, subdivision (b). Defendant filed a form petition that complied completely with the requirements of section 1172.6, subdivision (b). Rather than address the propriety of denial of defendant's petition without appointment of counsel, the People argue that defendant was ineligible for resentencing as a matter of law—a determination not made until after counsel is appointed.

Appointment of counsel and a full opportunity for briefing were required by section 1172.6, subdivisions (b)(3) and (c). (See *Lewis*, *supra*, 11 Cal.5th at pp. 961–963, 967.) The court erred in disposing of the petition without following these procedures.

## III. Prejudice

Because the trial court erred in failing to appoint counsel, we may affirm only if petitioner was not prejudiced by the error. (*Lewis*, *supra*, 11 Cal.5th at pp. 972–974.) That inquiry requires us to determine whether the record establishes defendant is ineligible for resentencing as a matter of law. The People argue that defendant was ineligible for resentencing as a matter of law because he "pled [no contest] to conspiracy to commit murder and attempted murder of the same victims, [therefore,] he necessarily admitted that he had the intent to kill and acted with malice aforethought." Defendant contends that "the record of conviction as a whole does not establish that [he] pled no contest to, or was sentenced for, a conspiracy to murder *K.S. and D.S.*" because "the

8.

information did not allege any particular victim(s) of the conspiracy to commit murder in count [1]" and defendant pled no contest to count 1 "*as alleged.*" As we explain below, we agree with defendant that his conviction for conspiracy to commit murder did not, as a matter of law, demonstrate that he harbored an intent to kill in committing the attempted premeditated murders of K.S. and D.S. Because we cannot conclude that the error was harmless, we reverse.

As a threshold matter, conspiracy is a specific intent crime. (*People v. Swain* (1996) 12 Cal.4th 593, 602.) To be convicted for conspiracy to commit murder, a conspirator must personally have the "intent to kill," ie., express malice; a conviction "cannot be based on a theory of implied malice." (*Id*. at pp. 606–607; see *People v. Cortez* (1998) 18 Cal.4th 1223, 1226 ["all conspiracy to commit murder 'is necessarily "conspiracy to commit [premeditated] first degree murder" ' "].) Defendant does not dispute that conspiracy to commit murder requires a defendant to have the specific intent to kill. However, he argues that he was never advised on the record that "conspiracy to commit murder requires an intent to kill[] and he did not admit he had an intent to kill with regard to the conspiracy to commit murder charge when he entered his no contest plea." Defendant incorrectly assumes that the trial court was required to advise him of the elements of each offense before taking his plea. (See *People v. Vest* (1974) 43 Cal.App.3d 728, 735.) The trial court inquired whether defendant had sufficient time to discuss his plea with defense counsel, advised him of the impact of his plea, and obtained a waiver of defendant's constitutional and statutory rights. Those advisements were sufficient to support defendant's plea. (See *Id*. at pp. 734–735.) When a defendant changes his or her plea to guilty or no contest, the plea is deemed to constitute a judicial admission of every element of the offense charged. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895; see § 1016(3) ["The legal effect of [a no contest] plea … shall be the same as that of a plea of guilty for all purposes."]) It serves as a stipulation that the People need not introduce proof to support the accusation. (*People v. Voit* (2011) 200

9.

Cal.App.4th 1353, 1363.) Defendant's no contest plea to conspiracy to commit murder necessarily admitted that he had the specific intent to kill the target(s) of the conspiracy to commit murder.[7]

Defendant also pled no contest to attempted premeditated murder of K.S. and attempted premeditated murder of D.S. Attempted premeditated murder by an aider and abettor can be proved pursuant to a natural and probable consequences theory. (See *People v. Favor* (2012) 54 Cal.4th 868, 879 [observing that because "section 664[, subd.] (a) 'requires only that the attempted murder itself was willful, deliberate, and premeditated' [citation], it is only necessary that the attempted murder 'be committed by one of the perpetrators with the requisite state of mind' "]; *id*. at p. 880 [and holding "[u]nder the natural and probable consequences doctrine, there is no requirement that an aider and abettor reasonably foresee an attempted premeditated murder as the natural and probable consequence of the target offense. It is sufficient that attempted murder is a reasonably foreseeable consequence of the crime aided and abetted, and the attempted murder itself was committed willfully, deliberately and with premeditation."].) The fact of conviction itself therefore does not exclude defendant from resentencing eligibility pursuant to section 1172.6.

The People contend that the record of conviction establishes that defendant had the intent to kill, and acted with actual malice toward K.S. and D.S., with respect to counts 2 and 3, because they were the targets of the conspiracy to commit murder. For that proposition, the People rely on (1) our prior unpublished opinion on direct appeal—specifically, the factual summary; and the procedural history, noting that "[t]he [trial]

---

[7]     Defendant does not seek section 1172.6 resentencing of his conspiracy to commit murder conviction. And we note that his conviction for conspiracy to commit murder is ineligible for resentencing pursuant to section 1172.6. (*People v. Whitson* (2022) 79 Cal.App.5th 22, 34–36; § 1172.6, subd. (a) [permitting a defendant convicted of murder, attempted murder, or manslaughter to petition for relief].)

court sentenced defendant to an indeterminate sentence of 25 years to life on count 1, conspiracy to murder K.S. and D.S."[8] (*Dominguez*, *supra*, F068122)—in combination with text of (2) count 1 of the information—which contained the allegations that defendant and a codefendant conspired to commit murder and took "the following overt act and acts at and in the County of TULARE:  GANG ASSOCIATES ACT AS LOOK OUT AND GATHER GUNS AND AMMUNITION, DISTRACTIONS SHOTS FIRED, SHOT HITS K.S., SHOT HITS D.S."  Defendant responds that the information does not indicate that K.S. and D.S. were the targets of the conspiracy to commit murder and reliance on our prior opinion at the prima facie stage would constitute impermissible factfinding.  We agree with defendant.

The information and defendant's no contest plea to count 1 and to the firearm enhancements alleged in connection with count 1 establish that defendant engaged in a conspiracy to commit murder and that K.S. and D.S. were shot as a result of that conspiracy.  Standing alone, the information and defendant's plea are insufficient to prove as a matter of law that defendant intended to kill K.S. and D.S.  They prove only that defendant had the intent to kill someone and that K.S. and D.S. were shot.  To be

---

[8]     The issues in defendant's direct appeal from his convictions were unrelated to whether the conspiracy to commit murder had K.S. and D.S. as its objects.  As the court in *Clements*, *supra*, 75 Cal.App.5th at page 292 commented, "It[ is] easy to conceive of a case where the issues on appeal implicate different facts than a later resentencing petition.  For example, a defendant convicted of natural and probable consequences murder with a gang enhancement may have challenged only the gang enhancement on direct appeal because the evidence of the murder was, under prior law, very strong.  The original appellate decision in such a case may focus on facts not relevant to a later petition challenging the murder conviction."  In this case, the opinion on defendant's direct appeal characterized count 1 as "conspiracy to murder K.S. and D.S.," but the legal issues on direct appeal were not related to whether K.S. and D.S. were the objects of the conspiracy to kill.  (*Dominguez*, *supra*, F068122.)  The issue simply was not considered.  We decline to rely on an imprecise characterization of defendant's conviction on count 1 from a prior opinion to determine whether he is ineligible for relief on counts 2 and 3 in the petition now before the court.

guilty of attempted murder, the defendant must intend to kill the alleged victim, not someone else. (*People v. Bland* (2002) 28 Cal.4th 313, 328.) The doctrine of transferred intent does not apply in the context of attempted murder. (*Ibid.*)[9]

As noted above, we disagree with the People's implied conclusion that we may rely on the factual summary of our prior opinion. The People do not address the propriety of relying on a factual summary from a prior opinion and section 1172.6 does not permit consideration of such a factual summary at an evidentiary hearing pursuant to subdivision (d) of section 1172.6 or suggest that it is appropriate to do so at the prima facie stage. (§ 1172.6, subd. (d)(3); *Clements*, *supra*, 75 Cal.App.5th at p. 292; see *People v. Flores*, *supra*, 76 Cal.App.5th at p. 988.) We therefore do not consider whether the factual summary of our prior opinion supported dismissal of defendant's petition because the trial court was not permitted to consider that portion of our prior opinion.

In sum, while defendant conspired to murder, necessarily requiring that he had the specific intent to kill, and K.S. and D.S. were shot, the record does not support a finding

---

[9] "The conclusion that transferred intent does not apply to attempted murder still permits a person who shoots at a group of people to be punished for the actions towards everyone in the group even if that person primarily targeted only one [or several] of them." "[T]he fact the person desires to kill a particular target does not preclude finding that the person also, concurrently, intended to kill others within what it termed the 'kill zone.' 'The intent is concurrent … when the nature and scope of the attack, while directed at a primary victim, are such that we can conclude the perpetrator intended to ensure harm to the primary victim by harming everyone in that victim's vicinity.' " (*People v. Bland*, *supra*, 28 Cal.4th at p. 329.) When a defendant fires multiple shots from a firearm upon a group, "[t]he defendant has intentionally created a 'kill zone' to ensure the death of his primary victim, and the trier of fact may reasonably infer from the method employed an intent to kill others concurrent with the intent to kill the primary victim." (*Id.* at p. 330.) While counts 1 through 4 of the information could suggest that may have been the case here—defendant entered into a conspiracy to commit murder and one of the conspirators fired a firearm at an inhabited dwelling and perhaps people outside the dwelling, striking K.S. and D.S.—we cannot determine beyond a reasonable doubt that K.S. or D.S. were intended targets of the conspiracy to commit murder or were in the "kill zone."

as a matter of law that defendant intended to kill K.S. and D.S.  We cannot conclude as a matter of law that defendant was ineligible for relief as to counts 2 and 3.  There is a reasonable probability that appointment of counsel prior to the denial of defendant's petition would have resulted in an outcome other than summarily denying his petition without an evidentiary hearing.  (*Lewis*, *supra*, 11 Cal.5th at p. 974.)

## **DISPOSITION**

The order is reversed.