[No. A131028. First Dist., Div. Three. Nov. 30, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
TIMOTHY THOMAS RAUEN, Defendant and Appellant.

**COUNSEL**

David L. Annicchiarico, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Rene A. Chacon and Bruce Ortega, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**POLLAK, J.**—Defendant Timothy Thomas Rauen appeals from an order revoking his probation and sentencing him to three years eight months in state prison. He contends the court erred in finding that he violated the terms of his probation based on a conviction following a no contest plea to new criminal charges. We affirm.

### Factual and Procedural History

In May 2008, in Solano County Superior Court, defendant pleaded no contest to one count of possessing methamphetamine and one count of possessing a deadly weapon. In July 2008, the court suspended imposition of a three-year eight-month prison term and placed defendant on three years' probation. On October 27, 2009, this court affirmed the judgment.

On June 1, 2010, the probation department submitted a request that defendant's probation be revoked based on his arrest in May 2010 in Santa Cruz County for felony possession of a concealed dirk or dagger (Pen. Code, § 12020, subd. (a)(4)); felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)); misdemeanor displaying of false registration evidence (Veh. Code, § 4462.5); and a probation violation (Pen. Code, § 1203.2). The court summarily revoked defendant's probation and issued a

warrant for his arrest. At a contested probation violation hearing, the prosecution presented several certified documents from the Santa Cruz County Superior Court, including copies of the complaint; information and amended information; signed plea form reflecting that defendant agreed to plead no contest to two misdemeanor counts; and the clerk's minute order of the hearing at which defendant's plea was accepted and he was placed on probation. Based on this evidence, the court found defendant in violation of the terms of the Solano County probation and formally revoked his probation. The court imposed the three-year eight-month prison sentence that had been suspended. Defendant filed a timely notice of appeal.

## Discussion

■ "Penal Code section 1203.2 provides the court may revoke probation if it has reason to believe that the person has violated any of the probation conditions. More lenient rules of evidence apply than at criminal trials [citation], and the facts supporting revocation need only be proved by a preponderance of the evidence . . . ." (*People v. Monette* (1994) 25 Cal.App.4th 1572, 1575 [31 Cal.Rptr.2d 203].) The terms of defendant's probation required that he "obey all laws" and based on the evidence of his conviction in Santa Cruz County the trial court found that he had failed to do so. Defendant contends that the evidence of his Santa Cruz County conviction is insufficient to establish his commission of a criminal offense because his conviction is based on a no contest plea entered pursuant to *People v. West* (1970) 3 Cal.3d 595 [91 Cal.Rptr. 385, 477 P.2d 409] (*West*).

■ In *In re Alvernaz* (1992) 2 Cal.4th 924, 932 [8 Cal.Rptr.2d 713, 830 P.2d 747], the court characterized a *West* plea as "a plea of nolo contendere, not admitting a factual basis for the plea."[1] Such a plea, also referred to as an *Alford* plea, based on *North Carolina v. Alford* (1970) 400 U.S. 25, 37–38 [27 L.Ed.2d 162, 91 S.Ct. 160], allows a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or her innocence. The absence of an admission of guilt has no effect on the use of the resulting conviction as evidence in other criminal actions. (See *People v. Chagolla* (1984) 151 Cal.App.3d 1045 [199 Cal.Rptr. 181]; *People v. Bradford* (1997) 15 Cal.4th 1229, 1373–1375 [65 Cal.Rptr.2d 145, 939 P.2d 259].)

---

[1] *West* did not actually involve a claim of innocence but addressed the validity of a plea to an uncharged lesser offense entered pursuant to a plea bargain. (*West, supra,* 3 Cal.3d at p. 600.)

■ Defendant does not dispute that evidence of a prior conviction is admissible to prove the commission of the charged offense in addition to the fact of conviction (Evid. Code, § 452.5, subd. (b) ["An official record of conviction . . . is admissible . . . to prove the commission . . . of a criminal offense . . ."]; *People v. Duran* (2002) 97 Cal.App.4th 1448, 1460 [119 Cal.Rptr.2d 272] ["Evidence Code section 452.5, subdivision (b) creates a hearsay exception allowing admission of qualifying court records to prove not only the fact of conviction, but also that the offense reflected in the record occurred."]). Defendant argues, however, that the *admissibility* of such evidence for this purpose "does not mean that it, in and of itself, does so prove." He explains, "At a contested probation violation hearing, where the defendant has pled *guilty* in a prior case, the guilty plea may well be enough to prove that the defendant violated the law and thus violated the terms of his or her probation. However, the same does not hold true for a *West* plea. Certified records of [his] no contest plea were *admissible* to prove he violated the law. But because he explicitly exercised his right, under . . . *West*, to plead no contest without admitting guilt, the conviction records are insufficient evidence that he did *in fact* violate the law."

Defendant's argument is contrary to Penal Code section 1016 and established case law. Penal Code section 1016, subdivision 3 provides: "The court shall ascertain whether the defendant completely understands that a plea of nolo contendere shall be considered the same as a plea of guilty and that, upon a plea of nolo contendere, the court shall find the defendant guilty. The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes. In cases other than those punishable as felonies, the plea and any admissions required by the court during any inquiry it makes as to the voluntariness of, and factual basis for, the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based."

In *People v. Chagolla, supra,* 151 Cal.App.3d 1045, the court rejected the argument that a conviction based on a nolo contendere plea was insufficient to provide the basis for a probation violation. The court observed that the argument "though intellectually intriguing, is also without merit." (*Id.* at p. 1048.) The court explained that the 1963 amendment to Penal Code section 1016 allowing a plea of nolo contendere in criminal actions "was the result of a policy decision to provide for a criminal conviction and to avoid its later use in civil matters. The nolo plea expedited the resolution of criminal cases involving civil liability by removing the threat of collateral estoppel after a plea of not guilty or a judicial admission after a plea of guilty. The Legislature did not provide for a similar exclusion of the collateral use of a conviction based on a plea of nolo contendere in criminal actions. The full use of the criminal conviction based on a plea of nolo contendere in later

criminal actions was neither prohibited by the Legislature nor is it constitutionally compelled. We fail to see any reason to expand the policies of the Legislature by preventing the collateral use of convictions based on nolo pleas in later criminal actions." (*Chagolla, supra*, at pp. 1048–1049.)

In *People v. Bradford, supra*, 15 Cal.4th at pages 1373–1375, the California Supreme Court applied similar reasoning in a case involving a *West/Alford* plea. In that case, the defendant argued that his prior rape conviction was not admissible as a circumstance in aggravation during the penalty phase of his trial "because the conviction followed a plea of no contest ([Pen. Code,] § 1016), which does not constitute an express admission of guilt but only a consent to be punished as if guilty." (*Bradford, supra*, at p. 1374, citing *North Carolina v. Alford, supra*, 400 U.S. 25, 35–36, fn. 8 & *West, supra*, 3 Cal.3d 595.) The court rejected this argument, explaining: "As we have recognized, [Penal Code] section 1016 explicitly provides that the legal effect of a no-contest plea to a crime punishable as a felony is the same for all purposes as a plea of guilty. [Citations.] Therefore, evidence of defendant's conviction of rape based upon a no-contest plea properly was utilized as evidence to establish defendant's violent criminal activity." (*Bradford, supra*, at pp. 1374–1375.) Although *Bradford* involved a plea to a felony, rather than a misdemeanor as in the present case, we see no reason to distinguish *Bradford* on that basis. Penal Code section 1016 provides a limited exception for the use of a no contest plea to misdemeanor charges only in collateral civil proceedings. Defendant acknowledged in his plea agreement that he understood that "a conviction in this case may constitute a violation of any other current grant of parole or probation in any other case and that I may receive additional punishment as a result of that violation."

The two Ninth Circuit cases cited by defendant are distinguishable. In *U.S. v. Vidal* (9th Cir. 2007) 504 F.3d 1072 the court held that the defendant's California conviction for unlawful driving or taking of a vehicle entered following a *West* plea did not establish that he committed an "aggravated felony 'theft offense' " for purposes of applying enhancements under the federal sentencing guidelines. (*Id.* at p. 1075.) The court explained that the conviction does not categorically qualify as an enhancement because the California offense encompasses conduct that is broader than that included in the federal guidelines. (*Id.* at pp. 1077–1080.) Because the record did not contain a recitation of the factual basis for the plea, evidence of his conviction did not establish that the defendant engaged in illegal conduct that necessarily fell within the guidelines. (*Id.* at p. 1089 ["the paltry record before the district court does not eliminate the possibility that [the defendant] was convicted as an accessory after the fact to theft, which we have concluded does not fall within the generic theft offense"].) In the present

case, in contrast to the situation in *Vidal*, the court was not required to find that defendant committed a particular illegal act, but only that he failed to obey the law.

■ *U.S. v. Nguyen* (9th Cir. 2006) 465 F.3d 1128 is also distinguishable. In that case the court held that the defendant's conviction based on a no contest plea could not be admitted to prove a violation of the term of his immigration release that required he not commit any crimes. The court explained, "The [g]overnment's evidence consisted solely of the two certified judgments of conviction. The judgments were offered to provide the jury with a basis to infer that Nguyen actually committed the underlying crimes, in violation of his order of supervision. But the law does not support that inference. Each conviction resulted from a plea of nolo contendere, which is a special creature under the law. It is, first and foremost, not an admission of factual guilt. [Citation.] It merely allows the defendant so pleading to waive a trial and to authorize the court to treat him as if he were guilty. [Citation.] . . . For these reasons, 'the nolo plea does not bear the same indicia of reliability as a guilty plea when used as evidence of underlying culpability.' [Citation.] A conviction resulting from a nolo contendere plea under these circumstances is not by itself sufficient evidence to prove a defendant committed the underlying crime." (*Id.* at pp. 1130–1131, italics omitted.) The court's "understanding of the inferences which may properly be drawn from nolo contendere convictions" was based, however, on "limitations imposed on their admissibility under the Federal Rules of Evidence." (*Id.* at p. 1131, italics omitted.) The court concluded that the defendant's convictions were not admissible under rules 410 and 803(22) of the Federal Rules of Evidence (28 U.S.C.).[2] Unlike the Federal Rules of Evidence, under Evidence Code section 452.5 and Penal Code section 1016, criminal convictions based on a no contest plea are admissible to establish the fact of the underlying criminal conduct.

■ As noted above, defendant was properly advised of the potential collateral use of his conviction. Under Evidence Code section 452.5, the conviction alone is sufficient to establish the commission of the underlying criminal conduct. Accordingly, the finding that defendant violated probation is supported by substantial evidence and the court did not abuse its discretion in revoking his probation based on the violation.

---

[2] Rule 410 of the Federal Rules of Evidence (28 U.S.C.) states, in relevant part: "Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions: [¶] . . . [¶] a plea of nolo contendere . . . ." Rule 803(22) of the Federal Rules of Evidence (28 U.S.C.), which provides a hearsay exception for a judgment of conviction, states: "Evidence of a final judgment, entered after a trial or upon a plea of guilty (but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year [is admissible] to prove any fact essential to sustain the judgment . . . ."

## Disposition

The order revoking defendant's probation and imposing sentence is affirmed.

McGuiness, P. J., and Jenkins, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 29, 2012, S199308.