Filed 3/18/22  P. v. Smart CA3
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| THE PEOPLE, | C093192 |
| Plaintiff and Respondent, | (Super. Ct. No. 20F0041) |
| v. | OPINION ON TRANSFER |
| STEPHANIE ANN SMART, | |
| Defendant and Appellant. | |

Defendant Stephanie Ann Smart pled no contest to assault with a deadly weapon resulting in great bodily injury, assault with a deadly weapon, and threatening to commit a crime resulting in death while on bail.  The trial court sentenced defendant to five years and eight months in prison.  Defendant appeals her sentence, asserting the trial court improperly considered her lack of remorse as an aggravating circumstance, and remand for resentencing is appropriate because the error was prejudicial.

1

In an unpublished opinion, we concluded defendant forfeited the argument and we accordingly affirmed the judgment. (*People v. Smart* (Oct. 5, 2021, C093192) [nonpub. opn.].) Our Supreme Court granted review and transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of Senate Bill No. 567 (Stats. 2021, ch. 731), which was signed into law three days after we filed our unpublished opinion. Defendant thereafter filed a supplemental brief, arguing Senate Bill No. 567 applies retroactively to her and requires that we remand the matter for resentencing; the People agree.

Upon reconsideration, we conclude defendant is entitled to resentencing under Senate Bill No. 567 because it is an ameliorative statute that applies retroactively to her nonfinal case. We accordingly vacate the sentence and remand the matter to the trial court to resentence defendant.

FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying defendant's case are irrelevant to the contention raised on appeal. Suffice it to say defendant and an unknown accomplice threatened and severely beat the victims with their fists and a golf club.

As to sentencing, defendant received a copy of the probation report and the district attorney's sentencing recommendation prior to the sentencing hearing. The probation report recommended a sentence of five years eight months in prison and was based, in part, on defendant's lack of remorse. At the hearing, defendant argued for a mitigated term of 16 months based on her lack of prior felony convictions and her minor participation in the attack. She further asserted a mitigated sentence was justified because there was good reason to suspect one of the victims was responsible for her sister's death. The prosecution argued for the recommended sentence.

The trial court sentenced defendant in accordance with the sentencing recommendation as follows: the upper term of four years for assault with a deadly weapon resulting in great bodily injury, one-third the middle term of one year for assault

2

with a deadly weapon, and one-third the middle term of eight months for threatening to commit a crime resulting in death while on bail.  The trial court justified the imposition of the upper term on the grounds defendant participated in the attack while on probation, the victims sustained brutal injuries, and defendant lacked remorse and failed to take responsibility for her actions.  The trial court then advised defendant of her right to appeal the decision and provided defendant an opportunity to respond.  Defendant had nothing further to add.

## DISCUSSION

Defendant contends the trial court improperly used her lack of remorse to justify the upper term for the assault with a deadly weapon resulting in great bodily injury count because she entered the no contest plea pursuant to *West*.  (Citing *People v. West* (1970) 3 Cal.3d 595.)  A defendant entering a *West* plea does not admit the plea's factual basis, which "allows a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or her innocence."  (*People v. Rauen* (2011) 201 Cal.App.4th 421, 424.)  In essence, defendant asserts that, because she did not admit guilt and pled no contest to take advantage of the prosecution's plea bargain, the court erred when it relied upon her lack of remorse.  The People assert defendant forfeited the argument because she failed to object to the trial court's imposition of the upper term on that ground.  We need not address defendant's argument because remand for resentencing is appropriate under Senate Bill No. 567.

On October 8, 2021, the Governor signed Senate Bill No. 567 into law.  Senate Bill No. 567 became effective January 1, 2022.  (Cal. Const., art. IV, § 8, subd.  (c).)  As relevant here, Senate Bill No. 567 limits the trial court's ability to impose an aggravated term of imprisonment absent the existence of specified circumstances.  (Pen. Code, § 1170, subd. (b)(1)-(3).)  As amended, Penal Code section 1170 instead makes the middle term of the determinate sentencing triad the presumptive prison term unless specified circumstances exist.  (Pen. Code, § 1170, subd. (b)(1)-(2).)  A trial court "may

3

impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (Pen. Code, § 1170, subd. (b)(2).)

Because defendant's case is not yet final and Senate Bill No. 567 affects the trial court's decision to impose the upper term on the assault with a deadly weapon resulting in great bodily injury count, we remand for resentencing. (See *In re Estrada* (1965) 63 Cal.2d 740, 744-745 [absent evidence of contrary legislative intent, ameliorative criminal statutes apply to all cases not final when the statute takes effect]; see also *People v. Woods* (2018) 19 Cal.App.5th 1080, 1090-1091.)

## DISPOSITION

The sentence is vacated, and the matter remanded to the trial court to resentence defendant under Penal Code section 1170 as amended by Senate Bill No. 567. The judgment is otherwise affirmed.

/s/_____
Robie, Acting P. J.

We concur:

/s/_____
Mauro, J.

/s/_____
Hoch, J.

4