Filed 6/21/22 P. v. Huerta CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>AMADOR SOCORRO HUERTA,<br><br>    Defendant and Appellant. | F082949, F082951<br><br>(Super. Ct. Nos. F21901813,<br>F21902946)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County. Timothy A. Kams, Judge.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Michael A. Canzoneri, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Hill, P. J., Detjen, J. and Peña, J.

Defendant Amador Socorro Huerta pled no contest to charges in two criminal cases related to separate incidents of domestic violence and child endangerment. On appeal, defendant contends that (1) his term of imprisonment for contempt of a court order must be reduced from five years to the statutory maximum of three years; (2) various fines and fees must be stricken because they were not ordered by the court in its oral pronouncement of sentence; (3) his sentence must be vacated and the matter remanded in light of Assembly Bill No. 124's (2021–2022 Reg. Sess.) (Assembly Bill 124) amendments to Penal Code[1] section 1170, subdivision (b)(6); and (4) his sentence must be vacated and the matter remanded in light of Senate Bill No. 567's (2021–2022 Reg. Sess.) (Senate Bill 567) amendments to section 1170, subdivision (b)(1) through (b)(3). The People agree that the amendments to section 1170, subdivision (b)(6), apply retroactively to defendant and require defendant's sentence to be vacated, and the matter to be remanded for resentencing. We vacate defendant's sentence and remand for resentencing. In all other respects, the judgment is affirmed.

## PROCEDURAL SUMMARY

On March 2, 2021, the Fresno County District Attorney filed a complaint, in Fresno County Superior Court case No. F21901813, charging defendant with domestic violence with prior convictions for the same (§ 273.5, subd. (f)(1); count 1), criminal contempt of a court order with prior convictions for the same within seven years (§ 166, subd. (c)(4); count 2), and misdemeanor child abuse (§ 273a, subd. (b); count 3).

On April 13, 2021, the Fresno County District Attorney filed a complaint, in Fresno County Superior Court case No. F21902946, charging defendant with stalking while subject to a restraining order (§ 646.9, subd. (b); count 1), first degree residential burglary (§§ 459/460, subd. (a); count 2), domestic violence with prior convictions for the same (§ 273.5, subd. (f)(1); count 3), assault by means of force likely to produce great

---

[1]     All further statutory references are to the Penal Code unless otherwise noted.

2.

bodily injury (§ 245, subd. (a)(4); count 4), two counts of criminal contempt of a court order with prior convictions for the same within seven years (§ 166, subd. (c)(4); counts 5 & 10), four misdemeanor counts of child cruelty (§ 273a, subd. (b); counts 6, 7, 12, & 13), kidnapping (§ 207, subd. (a); count 8), assault with a deadly weapon, a knife (§ 245, subd. (a)(1); count 9), and making criminal threats (§ 422; count 11). As to counts 8 and 11, the complaint further alleged that defendant personally used a deadly weapon, a knife (§ 12022, subd. (b)(1)).

On May 18, 2021, pursuant to a negotiated plea agreement, defendant pled no contest to counts 1 and 3 in case No. F21901813 and counts 3, 5, and 8 in case No. F21902946. As to count 8 in case No. F21902946, defendant admitted that he used a deadly weapon, a knife, in the commission of the offense. The change of plea forms indicated a factual basis was entered pursuant to *People v. West*.[2] In exchange for his no contest pleas, the plea agreement provided that the remaining counts in both cases would be dismissed and defendant's sentence would not exceed an aggregate term of eight years eight months.

On June 16, 2021, the trial court sentenced defendant to a total term of eight years in prison as follows: in case No. F21902946, on count 8, eight years (the upper term); on count 3, five years (the upper term) to be served concurrently with the term on count 8; on count 5, three years[3] (the upper term) to be served concurrently with the term on

---

[2] *People v. West* (1970) 3 Cal.3d 595. A *West* plea is " 'a plea of nolo contendere, not admitting a factual basis for the plea,' " which "allows a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or her innocence." (*People v. Rauen* (2011) 201 Cal.App.4th 421, 424.)

[3] The trial court identified the term on count 5 with the language "Count 5, same order, aggravated term to be served concurrently." It did not identify the length of that term. Defendant contends that the "same order" language suggested that it imposed the same term imposed in count 3—five years. The upper term for a violation of section 166, subdivision (c)(4) is three years. The probation officer recommended a three-year term and the minute order and abstract of judgment correctly reflect that term. Defendant's position that the trial court's oral pronouncement suggested a five year-term of

3.

count 8; in case No. F21901813, on count 1, five years (the upper term) to be served concurrently with count 8 of case No. F21902946; and on count 3, credit for time served. The trial court struck the deadly weapon enhancement as to count 8 of case No. F21902946. The trial court further ordered a $2,400 restitution fine (§ 1202.4), a suspended $2,400 parole revocation restitution fine (§ 1202.45), payment of restitution in an undetermined amount (§ 1204, subd. (f)), a court security fee of $40 per count of conviction (§ 1465.8), a criminal conviction fee of $30 per count of conviction (Gov. Code, § 70373), and a $296 probation report fee (§ 1203.1b).[4]

On June 18, 2021, defendant filed a notice of appeal in case No. F21901813. On June 21, 2021, defendant file a notice of appeal in case No. F21902946.

## DISCUSSION[5]

### Assembly Bill 124 & Senate Bill 567

Effective January 1, 2022, Senate Bill 567 amended section 1170, subdivision (b)(2), such that it now provides, "[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) However, as an exception to the general rule, a trial court

---

imprisonment is incorrect and inconsistent with the record. The trial court imposed the "upper term"; three years.

**4** Effective July 1, 2021, pursuant to Assembly Bill No. 1869 (2019–2020 Reg. Sess.), probation report fees cannot be imposed, and the uncollected balance of any probation report fees previously imposed pursuant to former section 1203.1b are uncollectable and unenforceable. (§ 1465.9, subd. (a); Stats. 2020, ch. 92, §§ 2, 11, 47, 62.) Because we vacate defendant's sentence and remand for full resentencing, we note that the trial court may not impose a probation report fee when it resentences defendant.

**5** Because defendant raises only sentencing issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

is permitted to rely upon a certified record of conviction to determine prior criminality for purposes of sentencing without submitting the prior conviction to a jury. (§ 1170, subd. (b)(3).)

Assembly Bill 124 also became effective January 1, 2022. (Stats. 2021, ch. 695, § 5.3; Stats. 2021, ch. 731, § 1.3.) Among other changes, Assembly Bill 124 sets a presumption that the trial court "shall order imposition of the lower term if any of the [enumerated circumstances] was a contributing factor in the commission of the offense." (§ 1170. subd. (b)(6).) Those circumstances are that (A) the defendant "has experienced psychological, physical, or childhood trauma …," (B) the defendant "is a youth, or was a youth"—meaning that the defendant was under 26 years of age—"at the time of commission of the offense," and (C) "[p]rior to the instant offense … the [defendant] is or was a victim of intimate partner violence or human trafficking." (§§ 1016.8, subd. (b), 1170, subd. (b)(6)(A)–(C).)

The parties agree, as do we, that the ameliorative changes in law brought about by Assembly Bill 124 and Senate Bill 567 are retroactive, pursuant to *In re Estrada* (1965) 63 Cal.2d 740, to cases not yet final on appeal. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1039; see *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 308.)

Regarding the modifications to section 1170, subdivision (b) brought about by Senate Bill 567 as they apply to this case, defendant was sentenced to the upper term on multiple counts and the record demonstrates that the circumstances in aggravation relied upon by the trial court were not proved beyond a reasonable doubt or admitted by defendant. Defendant entered a no contest plea pursuant to *People v. West*, *supra*, 3 Cal.3d 595, admitting no facts. Further, the record is silent regarding whether the findings of prior criminality were based upon certified records of conviction. Specifically, the trial court found at least two aggravating circumstances. First, it found that defendant had a "significant [criminal] history in [the] sense that just [five] years ago he suffered a felony conviction for [domestic violence], as well as violating subsequent[]

court orders, [and multiple] violations of probation ….” Second, as to the present offenses, the trial court found that they occurred “not too much later” than defendant’s prior convictions and involved “multiple violent acts against apparently the same victim” in multiple events.

Because the circumstances in aggravation were not proved to a jury beyond a reasonable doubt or admitted by defendant and because the record does not reflect whether the trial court’s findings regarding defendant’s prior criminality were based on a certified record of conviction, we vacate defendant’s sentence and remand for full resentencing.

We also note that at the time of defendant’s sentencing, the probation department did not investigate, and the trial court did not consider, the factors added to section 1170, subdivision (b)(6) by Assembly Bill 124. On remand, those factors should be considered in selecting the appropriate sentence.

Finally, we note that any fines and fees that the trial court determines should be imposed upon defendant should be articulated in its oral pronouncement of sentence. Because we vacate defendant’s sentence, we need not consider defendant’s argument that some fines and fees not included in the trial court’s oral pronouncement of sentence should be stricken.

We take no position on what sentence the trial court should impose.

## DISPOSITION

Defendant’s sentence is vacated, and the matter is remanded to the trial court for resentencing, and any required factfinding, consistent with Senate Bill 567, Assembly Bill 124, and the negotiated plea agreement. In all other respects, the judgment is affirmed.