Filed 12/18/23  P. v. Orozco CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B327113 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA114974-01) |
| v. | |
| BRYAN OROZCO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Victor D. Martinez, Judge.  Reversed and remanded with directions.

Nicholas Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

Brian Orozco appeals the trial court's order denying his petition for vacatur of his attempted murder conviction and resentencing under Penal Code section 1172.6.[1]  Orozco pleaded no contest to attempted murder and admitted the allegation that he used a firearm in the commission of the crime pursuant to section 12022.53, subdivision (b).  The trial court found that Orozco failed to make a prima facie showing that he was eligible for relief.  On appeal, Orozco argues, and the People concede, that Orozco is prima facie eligible for relief and entitled to an evidentiary hearing under section 1172.6, subdivision (d)(3).

We accept the People's concession.  We reverse the trial court's order and remand the matter to the trial court to issue an order to show cause and conduct an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3).

## BACKGROUND AND PROCEDURAL HISTORY[2]

An information filed on November 27, 2017, alleged that Orozco committed attempted willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664, count 1), possession of a firearm by a felon (§ 29800, subd. (a)(1), count 2), and unlawful possession of ammunition (§ 30305, subd. (a)(1), count 3).  As to count 1, it was alleged that the attempted murder was committed willfully, deliberately, and with premeditation within the meaning of Penal Code section 664, subdivision (a), and was a serious felony pursuant to section 1192.7, subdivision (c).  It was

---

[1] All further statutory references are to the Penal Code.

[2] We do not include a recitation of the facts, as they are not necessary to our resolution of this case.

2

further alleged that Orozco personally used a firearm pursuant to section 12022.53, subdivisions (b) and (c) in the commission of count 1, and that the offense was committed for the benefit of, at the direction of, and in association with a criminal street gang pursuant to section 186.22, subdivision (b)(1)(C).[3]

On January 25, 2018, the prosecution struck, pursuant to a plea agreement, the special allegation that the attempted murder was committed willfully, deliberately, and with premeditation, as well as the personal firearm use allegation under section 12022.53, subdivision (c). Orozco pleaded no contest to counts 1, 2, and 3, and admitted personal use of a firearm pursuant to section 12022.53, subdivision (b). Orozco did not admit to a factual basis for the plea, pursuant to *People v. West* (1970) 3 Cal.3d 595.[4]

On March 7, 2022, Orozco filed a petition for vacatur of his attempted murder conviction and resentencing pursuant to section 1172.6. Orozco requested counsel, which the court appointed.

---

[3] At the preliminary hearing, the prosecutor informed the court that the People did not intend to proceed as to the gang allegation in count 1.

[4] "[A] *West* plea [is] " 'a plea of nolo contendere, not admitting a factual basis for the plea,' " which "allows a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or her innocence." " (*People v. Rauen* (2011) 201 Cal.App.4th 421, 424.) Although there was disagreement as to this point in the trial court, the parties agree that Orozco did not stipulate to the preliminary hearing transcript as a factual basis for the plea.

The People opposed Orozco's petition on the ground that Orozco was the actual perpetrator who acted with actual malice based on the record of conviction, including the preliminary hearing transcript. The transcript of the preliminary hearing and the transcript of the plea colloquy and sentencing hearing were attached to the People's response.

Orozco filed a reply through counsel. Orozco asserted that the trial court could not consider the preliminary hearing transcript at the prima facie stage because Orozco did not stipulate to the transcript or to any document as factual support for the plea, or admit the truth of the transcript's contents. Considering the preliminary hearing transcript absent a stipulation would constitute fact-finding by the court, which was prohibited at the prima facie stage. Alternatively, Orozco argued that even if he had stipulated to the preliminary hearing transcript, the transcript did not conclusively reflect that he was the actual shooter who acted with intent to kill.

Subsequently, the People filed a brief contending that the trial court could consider the preliminary hearing transcript at the prima facie stage under *People v. Davenport* (2021) 71 Cal.App.5th 476, because Orozco stipulated that the preliminary hearing transcript would serve as the factual basis for the plea. The People argued that the record of conviction established that Orozco was not convicted under a now-invalid theory of liability.

At a hearing on the matter, defense counsel argued that Orozco did not stipulate to a factual basis for the plea. Even if the court could consider the preliminary hearing transcript, under the facts adduced at the preliminary hearing it was possible that Orozco pleaded no contest to avoid being prosecuted under a theory of imputed malice.

The trial court found that Orozco had not stipulated to the preliminary hearing transcript as a factual basis for the plea. However, the court denied the petition because it found that Orozco failed to make a showing that he was prima facie eligible for relief.

## DISCUSSION

### *Legal Principles*

When Orozco pleaded no contest to attempted murder in 2018, a defendant could be convicted of attempted murder under the theory that the defendant aided and abetted a crime of which attempted murder was a natural and probable consequence. (See *People v. Chiu* (2014) 59 Cal.4th 155, 161 [discussing natural and probable consequences liability generally]; see also § 31.) Under the law at that time, it was not necessary to prove that the defendant intended that the attempted murder be committed or even that the defendant subjectively foresaw that attempted murder could result. (See *People v. Chiu*, at pp. 161–162.)

In 2019, the Legislature, through Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437), amended section 188 to eliminate the natural and probable consequences doctrine as it applies to murder and to require, with certain exceptions under the felony-murder rule, that a defendant act with malice to be convicted of murder. (§ 188, subd. (a)(3).) In 2021, through Senate Bill No. 775 (2020–2021 Reg. Sess.) (Stats. 2021, ch. 551, Senate Bill 775), the Legislature clarified that the amendments made by Senate Bill 1437 were also intended to apply to attempted murder. Senate Bill 775 also

amended former section 1170.95 (now § 1172.6) to permit persons convicted by plea agreement of attempted murder under the natural and probable consequences doctrine to file a petition with the sentencing court to vacate the conviction and be resentenced. (§ 1172.6, subd. (a).)

"After a petition for resentencing is filed, the trial court must . . . determine whether the defendant has made a prima facie showing of entitlement to relief." (*People v. Davenport*, *supra*, 71 Cal.App.5th at pp. 480–481.) "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "[A] trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.] . . . ." (*Id.* at p. 972.) If the petitioner makes a prima facie showing of eligibility, the trial court must issue an order to show cause and hold an evidentiary hearing. (*Ibid.*)

We independently review a trial court's determination of whether a petitioner has made a prima facie showing. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

*Analysis*

On appeal, Orozco contends, and the People concede, it was improper for the trial court in this case to consider the preliminary hearing transcript at the section 1172.6, subdivision (c) hearing to determine Orozco was ineligible for resentencing as a matter of law – and, further, that Orozco has made the requisite prima facie showing that he is eligible for relief. In

6

light of the fact that the People's opposition to the petition was predicated on the facts contained in the preliminary hearing transcript, we accept the People's concession.

## DISPOSITION

We reverse the trial court's order denying Orozco's petition for resentencing under Penal Code section 1172.6 and remand the matter to the trial court to issue an order to show cause and conduct an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3).

NOT TO BE PUBLISHED.

MOOR, J.

We concur:

RUBIN, P. J.

BAKER, J.

7