Filed 5/21/24  P. v. Hernandez CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B325129 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. LA063293 |
| BRIAN HERNANDEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Shellie Samuels, Judge. Vacated and remanded.

Richard B. Lennon and Peter S. Westacott, under appointments by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Brian Hernandez (defendant), who pled no contest to one count of attempted murder and one count of attempted robbery in 2010, successfully petitioned for resentencing under Penal Code section 1172.6.[1] Consistent with the parties' stipulation, the court redesignated the attempted murder conviction as robbery in concert and dismissed the attempted robbery conviction. The court then found circumstances in aggravation justified the imposition of the high term of imprisonment, based mainly on the trial transcript from a codefendant's trial and the Court of Appeal opinion affirming that codefendant's conviction. The parties agree, as we do, that the court erred in relying on facts not admitted by defendant or found true beyond a reasonable doubt in his case. Accordingly, we vacate the sentence and remand for resentencing.

## PROCEDURAL BACKGROUND

In April 2010, defendant pled nolo contendere to two counts: attempted murder (§§ 664, 187, subd. (a); count 1) with an allegation that a principal personally used a firearm (§ 12022.53, subd. (b)) and attempted robbery (§§ 664, 211; count 2). The court sentenced defendant on count 1 to the upper term of nine years plus 10 years for the firearm enhancement and on count 2 for one year to run consecutively, for a total sentence of 20 years.

In January 2022, defendant filed a petition for resentencing under section 1172.6, subdivision (d)(2). The court appointed

---

[1] All undesignated statutory references are to the Penal Code.

counsel to represent him. The prosecution conceded defendant had stated a prima facie case for relief and subsequently agreed he was entitled to be resentenced.

The parties disagreed, however, on the appropriate sentencing term. Specifically, the prosecution stipulated that the conviction on count 1 should be redesignated as first-degree robbery in concert (§§ 211, 213, subd. (a)(1)(A)) and asked the court to impose the upper term of nine years. The prosecution also asked the court to stay the sentence on count 2 under section 654. At the first resentencing hearing, defendant's counsel asked the court to impose the low term on count 1 due to mitigating circumstances, namely the defendant's age (20) at the time of the offense and his acceptance of responsibility early in the case. (§ 1170, subd. (b)(6); Cal. Rules of Court, rule 4.423(b).) Counsel also noted that, due to the early entry of defendant's plea, no factual record existed to support a finding of aggravating circumstances that would justify the imposition of the middle or upper terms. The prosecution responded that the court could find aggravating circumstances by relying on the trial transcript and the Court of Appeal opinion relating to codefendant Michael Stevens's trial. Defendant's counsel objected, citing California Rules of Court, rule 4.420. The court indicated that it needed additional time to consider the arguments of counsel and other materials before it could rule on the petition.

The court held a further resentencing hearing on October 17, 2022.[2] The court granted defendant's petition,

---

[2] Due to corruption of the court reporter's disk, no transcript of the hearing is available. The parties appeared before the court on May 4, 2023 to settle the record on appeal.

vacated the conviction for attempted murder, redesignated count 1 as first-degree robbery in concert (§§ 211, 213, subd. (a)(1)(A)), found factors in aggravation, and sentenced defendant to the upper term of nine years plus 10 years for the firearm enhancement (§ 12022.53, subd. (b)). Specifically, the court found that defendant brought a loaded gun to the robbery, put the gun to the victim's head, then tossed the gun to another person and told that person to shoot the victim, which he did. The court explained that in finding factors in aggravation, the court reviewed and relied on defendant's plea, the transcript of the trial of codefendant Michael Stevens, and the Court of Appeal opinion in Stevens's case. The court also vacated the conviction on and dismissed count 2 pursuant to the parties' agreement.

Defendant timely appeals.

## DISCUSSION

The only issue before us is whether the sentencing court properly selected the upper sentencing term. We agree with defendant and the Attorney General that the court erred in doing so.

### 1. Standard of Review

We review the court's choice of term for an abuse of discretion. (*People v. Panozo* (2021) 59 Cal.App.5th 825, 837.) An abuse of discretion is found where the court " 'relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision.' [Citation.]" (*Ibid.*)

4

## 2. The court abused its discretion in imposing the upper term of imprisonment.

As noted, the court found that circumstances in aggravation justified its selection of the upper term. Specifically, the court found defendant possessed a loaded gun, used that gun to threaten the victim, transferred that gun to the shooter, and directed the shooter to kill the victim. The court derived these facts from defendant's plea, a transcript of the trial of a codefendant, and a Court of Appeal decision affirming that codefendant's conviction. As defendant argues, and the Attorney General concedes, the court was not permitted to rely on those sources to make factual findings for sentencing purposes.

Section 1170, subdivision (b),[3] provides, in pertinent part: "(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2). [¶] (2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (See also Cal. Rules of Court, rule 4.420(b) ["The

---

[3] The Legislature amended this statute effective January 1, 2022. (Stats. 2021, ch. 731, §§ 1.3, 3(c), adding Pen. Code, § 1170, subd. (b)(1)–(6), by amendment.) The Attorney General properly concedes defendant is entitled to the ameliorative benefit of the amended statute. (See, e.g., *People v. Bautista-Castanon* (2023) 89 Cal.App.5th 922, 927.)

court may only choose an upper term when (1) there are circumstances in aggravation of the crime that justify the imposition of an upper term, and (2) the facts underlying those circumstances have been (i) stipulated to by the defendant, (ii) found true beyond a reasonable doubt at trial by a jury, or (iii) found true beyond a reasonable doubt by the judge in a court trial."].)

Defendant did not stipulate to the truth of the facts underlying his convictions because he pled nolo contendere under *People v. West* (1970) 3 Cal.3d 595. A *West* plea of nolo contendere does not admit a factual basis for the plea. "Such a plea … allows a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or her innocence." (*People v. Rauen* (2011) 201 Cal.App.4th 421, 424; see *In re Alvernaz* (1992) 2 Cal.4th 924, 932 [a plea of nolo contendere does not admit factual basis for the plea].) Accordingly, the court was not entitled to rely on defendant's plea in making its factual findings.

Moreover, whatever facts the jury found true in the trial of codefendant Stevens, and whatever facts were recited in the appellate decision affirming his conviction, cannot be used against *this* defendant to increase the term of his sentence. (E.g., *Cunningham v. California* (2007) 549 U.S. 270, 281 [noting that under the Sixth Amendment "any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence"]; cf. *People v. Flores* (2022) 76 Cal.App.5th 974, 988 [noting appellate opinion in a codefendant's case is not part of a different defendant's record of conviction].) And because the court did not conduct an evidentiary hearing in connection with defendant's resentencing, it received no evidence

on which it could rely to find circumstances in aggravation beyond a reasonable doubt.

To the extent the court relied on defendant's use of a handgun as an aggravating circumstance, it further erred. Section 1170, subdivision (b)(5) provides in pertinent part, "The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." The presence and use of a handgun in the commission of the underlying offense formed the basis of the 10-year sentence enhancement imposed under section 12022.53, subdivision (b). The same facts cannot also be used to impose the upper term of imprisonment.

Finally, it is unclear whether the court considered the mitigating circumstance proposed by defendant. We note, for purposes of remand, that section 1170, subdivision (b)(6) provides in pertinent part, "Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] … [¶] (B) The person is a youth or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense."[4] Defendant was 20 years old when the robbery was committed.[5]

---

[4] A "youth" "includes any person under 26 years of age on the date the offense was committed." (§ 1016.7, subd. (b).)

[5] We leave the determination and balancing of any aggravating and mitigating circumstances to the sound discretion of the court.

In sum, the court relied on facts that were neither admitted by defendant nor found true beyond a reasonable doubt in this case to find factors in aggravation and impose the high term of imprisonment. The court abused its discretion in doing so and the matter must be remanded for resentencing.

## DISPOSITION

The sentence is vacated and the case is remanded for resentencing.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                                      LAVIN, J.

WE CONCUR:



    EDMON, P. J.



    EGERTON, J.