Filed 12/26/24  P. v. Thornton CA5
Opinion following transfer from Supreme Court

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MATTHEW DAVID THORNTON,<br><br>    Defendant and Appellant. | F083218<br><br>(Super. Ct. No. F17905508)<br><br><br>**OPINION** |

<u>**THE COURT**</u>[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Heather Mardel Jones, Judge.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell and Kimberley A. Donohue, Assistant Attorneys General, Catherine Chatman, R. Todd Marshall and Christopher J. Rench, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*]    Before Hill, P. J., Franson, J. and Peña, J.

-ooOoo-

This matter is before us on transfer from our Supreme Court for reconsideration in light of *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*), which settled a division among courts of appeal on the appropriate standard for assessing prejudice in the context of noncompliance with the requirements of Penal Code section 1170, subdivision (b) (1), (2), and (3)[1] as modified by Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567). In accordance with the direction of the Supreme Court, we have vacated our earlier decision and requested supplemental briefing from the parties.

Defendant Matthew David Thornton pled guilty pursuant to a plea agreement to assault by means likely to produce great bodily injury by a state prisoner and admitted he had suffered three prior "strike" convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). However, he admitted no circumstances in aggravation, and none were found true by a jury. The parties agree, as do we, that defendant's sentence must be vacated and the matter remanded for resentencing in light of *Lynch* because an upper term sentence was imposed, at least in part, based on an aggravating factor not proved in compliance with section 1170, subdivision (b) and the record contains no clear indication the trial court would have imposed the same sentence if it understood the new scope of its discretion.

We vacate defendant's sentence and remand for full resentencing. In all other respects, the judgment is affirmed.

## PROCEDURAL SUMMARY

On September 21, 2017, the Fresno County District Attorney filed a criminal complaint, charging defendant with assault by means of force likely to produce great bodily injury by a state prisoner (§ 4501, subd. (b); count 2).[2] The complaint further

---

[1] All statutory references are to the Penal Code.

[2] Count 1 was alleged only against a codefendant.

alleged that defendant had suffered three prior strike convictions (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On May 25, 2021, defendant pled guilty on count 2 and admitted having suffered three prior strike convictions in exchange for an indicated sentence of "a 12-year lid," requiring the trial court to strike two of defendant's prior strike convictions.

On June 23, 2021, the trial court struck all but one of the prior strike convictions and imposed a term of 12 years as follows:  on count 2, 12 years (the upper term of 6 years, doubled due to the prior strike conviction), consecutive to the term of imprisonment defendant was already serving.  The court based the upper-term sentence upon its circumstance in aggravation findings that "the crime involved great violence, great bodily harm, or other facts which demonstrate a high degree of cruelty, viciousness, or callousness" (Cal. Rules of Court, rule 4.421(a)(1)),[3] "more importantly" defendant's "criminal history … [reflected he] engaged in violence and is a danger to society" (rule 4.421(b)(1)), defendant suffered prior convictions which were "numerous and … of equal or increasing seriousness" (rule 4.421(b)(2)), and defendant was "currently serving a prior prison term" (rule 4.421(b)(3)).  The court also found a circumstance in mitigation—defendant "voluntarily acknowledged wrongdoing at an early stage of the criminal process …" (rule 4.423(b)(8)).

On August 20, 2021, defendant filed a notice of appeal.

## FACTUAL SUMMARY

Because defendant's plea was entered pursuant to *People v. West*,[4] the trial court relied on the police/prison reports in finding a factual basis.  The probation officer

---

[3]     All rules references are to the California Rules of Court.

[4]     *People v. West* (1970) 3 Cal.3d 595.  A *West* plea is " 'a plea of nolo contendere, not admitting a factual basis for the plea,' " which "allows a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or her innocence." (*People v. Rauen* (2011) 201 Cal.App.4th 421, 424.)

summarized the facts of a prison crime report reflecting the offense. In short, defendant was a prisoner in a state prison. He and one other person attacked an inmate. No weapons were used. The attacked inmate suffered an orbital bone fracture.

## DISCUSSION

The parties agree, as do we, that in light of *Lynch*, defendant's sentence must be vacated and the matter remanded because the trial court relied on facts not proven in conformity with section 1170, subdivision (b)(2) or (3) in imposing the upper term and the record provides no clear indication that the court would have exercised its discretion in the same way had Senate Bill 567 taken effect on the date defendant was sentenced.

In *Lynch*, our Supreme Court held that where a trial court employed a former version of section 1170, subdivision (b), and relied on facts not proved in compliance with section 1170, subdivision (b) to impose the upper term, the sentence must be vacated and the matter remanded unless we conclude beyond a reasonable doubt that the jury would have found the facts underlying *all* circumstances in aggravation relied upon by the court true beyond a reasonable doubt. (*Lynch*, *supra*, 16 Cal.5th at pp. 742–743, 761.) "In making this determination, we may ' "examine[] what the jury *necessarily* did find and ask[] whether it would be impossible, on the evidence, for the jury to find *that* without *also* finding the missing fact as well." [Citation.] … We may also find the omission harmless if we can conclude beyond a reasonable doubt 'that the omitted [fact] was uncontested and supported by overwhelming evidence.' " (*Id*. at p. 775, modifications in original.) Further, because Senate Bill 567 "altered the scope of the court's discretion," for sentences imposed under the former version of section 1170, subdivision (b), "the record must clearly indicate that the court would have found an upper term justified had it been aware of its more limited discretion." (*Id*. at p. 743; see *id*. at p. 777 [providing examples of the "kind of definitive statements" that our Supreme Court has found to clearly indicate a trial court "would not impose a lesser sentence under any circumstances"].)

4.

From March 30, 2007, to January 1, 2022, California's determinate sentencing law specified that "[w]hen a judgment of imprisonment [wa]s to be imposed and the statute specifie[d] three possible terms, the choice of the appropriate term … rest[ed] within the sound discretion of the court." (§ 1170, former subd. (b).)

Effective January 1, 2022, Senate Bill 567 amended section 1170, subdivision (b). (Stats. 2021, ch. 731, § 1.3.) Section 1170, subdivision (b)(2) now provides, "[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) As an exception to the general rule, a court is permitted to rely upon a certified record of conviction to determine prior convictions without submitting the matter to a jury. (§ 1170, subd. (b)(3); see *Erlinger v. United States* (2024) 602 U.S. 821, 838 ["[A] judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' "].)

Here, the trial court found that the crime involved great violence and, "more importantly," defendant's "criminal history … [reflected he] engaged in violence and is a danger to society." Those circumstances in aggravation were not based on facts proved in conformity with section 1170, subdivision (b)(2) or (3). (*Lynch*, *supra*, 16 Cal.5th at pp. 742–743.)

We need not determine whether a jury would have found the facts underlying those circumstances in aggravation true beyond a reasonable doubt.[5] Even assuming we

---

[5] We note that our Supreme Court has cautioned against attempting to determine whether a jury would have found true aggravating circumstances that require "an imprecise quantitative or comparative evaluation of the facts." (*People v. Sandoval* (2007) 41 Cal.4th 825, 840; accord, *Lynch*, *supra*, 16 Cal.5th at p. 775.) Whether defendant posed a serious danger to society (rule 4.421(b)(1)) is one such determination;

could conclude beyond a reasonable doubt that the facts underlying all circumstances in aggravation would have been found true by a jury beyond a reasonable doubt, the parties agree, as do we, that the record provides no "clear indication" that the trial court would have imposed the upper term in light of the alteration of the court's sentencing discretion—to wit, the presumptive middle term—resulting from Senate Bill 567. (*Lynch*, *supra*, 16 Cal.5th at pp. 771, 773.)

## **<u>DISPOSITION</u>**

Defendant's sentence is vacated and the matter is remanded to the trial court for a full resentencing in conformity with section 1170, subdivision (b).  The People may elect to retry the aggravating facts on remand.  In all other respects, the judgment is affirmed.

---

whether defendant posed a serious danger to society is a subjective inquiry, not capable of precise determination.  Moreover, that defendant posed a serious danger to society was not a fact the jury necessarily decided in reaching its verdict, nor—based on the record before us—was an uncontested issue supported by overwhelming evidence.  (*Lynch*, at p. 775.)

" ' "The proper remedy for this type of failure of proof—where … [aggravating facts] were 'never tried' to the jury—is to remand and give the People an opportunity to retry" ' the aggravating facts."  (*Lynch*, *supra*, 16 Cal.5th at p. 776.)