Filed 4/10/25  P. v. Dominguez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JOE VALDEZ DOMINGUEZ,<br><br>  Defendant and Appellant. | F087958<br><br>(Super. Ct. No. VCF241607D)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Eric L. Christoffersen and Chung Mi Choi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Peña, J. and Smith, J.

Defendant Joe Valdez Dominguez pled no contest to two counts of attempted murder, one count of conspiracy to commit murder, and 23 other offenses, and admitted various firearm enhancements, a prior conviction, prior prison term, and street gang/terrorism allegations. He petitioned the trial court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his two attempted murder convictions. The court summarily denied the petition at the prima facie stage, without appointing counsel. Defendant appealed the denial of his petition, arguing the court erred in failing to appoint counsel and in denying the petition at the prima facie stage. We agreed and reversed. (*People v. Dominguez* (Mar. 15, 2023, F084187) [nonpub. opn.].)

On remand, the trial court ordered the prosecutor to show cause why defendant's two attempted murder convictions should not be vacated or set aside. The prosecutor moved to dismiss those convictions, and the court granted the motion. However, the court did not resentence defendant. On appeal, the parties agree that the failure to resentence defendant was error. We vacate defendant's sentence and remand for full resentencing. In all other respects we affirm.

## PROCEDURAL HISTORY[2]

On December 18, 2012, the Tulare County District Attorney filed a 26-count information charging defendant with conspiracy to commit murder (§§ 182, subd. (a)(1), 187; count 1), premeditated attempted murder of K.S. (§§ 187, subd. (a), 664; count 2), premeditated attempted murder of D.S. (§§ 187, subd. (a), 664; count 3), and discharging a firearm at an inhabited dwelling (§ 246; count 4), among other offenses and special

---

[1] All statutory references are to the Penal Code. Former section 1170.95 recently was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the current section 1172.6 in this opinion.

[2] We summarize only the procedural history relevant to our review of the order denying defendant's section 1172.6 petition.

allegations. As to counts 1 through 4, the information alleged: two allegations that a principal discharged a handgun causing great bodily injury (§ 12022.53, subds. (c), (d), & (e)(1)), that the offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C), (b)(4)), and that defendant had served a prior prison term (§ 667.5, former subd. (b)).

On August 16, 2013, defendant pled no contest to all charges and special allegations pursuant to *People v. West*.[3]

On September 16, 2013, the trial court sentenced defendant to an aggregate term of 75 years to life plus 18 years four months. As to counts 1 through 4, the court imposed the following terms: on count 1, 25 years to life, plus two consecutive 25-year-to-life firearm enhancements; on counts 2 and 3, 15 years to life, plus a 25-year-to-life firearm enhancement, stayed pursuant to section 654; and on count 4, 15 years to life, plus two consecutive 25-year-to-life firearm enhancements, stayed pursuant to section 654. That sentence included a single section 667.5, subdivision (b) enhancement, stayed pursuant to section 654.

On March 15, 2022, defendant filed a section 1172.6 petition seeking resentencing on counts 2 and 3, and requesting appointment of counsel. On March 18, 2022, without first appointing counsel, the trial court summarily denied the petition. We reversed the summary denial. (*People v. Dominguez*, *supra*, F084187.)

While defendant's appeal was pending, resentencing proceedings pursuant to Senate Bill No. 483 (2021–2022 Reg. Sess.) which retroactively applied Senate Bill No. 136 (2019–2020 Reg. Sess.), eliminating prior prison term enhancements based on convictions other than sexually violent offenses—were ongoing before the trial court.

---

[3] *People v. West* (1970) 3 Cal.3d 595. A *West* plea is " 'a plea of nolo contendere, not admitting a factual basis for the plea,' " which "allows a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or her innocence." (*People v. Rauen* (2011) 201 Cal.App.4th 421, 424.)

(See § 1172.75, subd. (a).)  On June 2, 2023, the court vacated defendant's section 667.5, subdivision (b) enhancement.

On February 16, 2024, the trial court ordered the People to show cause why defendant's attempted murder convictions on counts 2 and 3 should not be vacated.

On April 2, 2024, the prosecutor moved to dismiss defendant's attempted murder convictions on counts 2 and 3.  On April 16, 2024, the trial court dismissed counts 2 and 3, but it declined to resentence defendant.

## DISCUSSION[4]

### I.    Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017−2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine … to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1(f); see § 189, subd. (e); accord, *People v. Strong* (2022) 13 Cal.5th 698, 707–708.)

"Section [1172.6] lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*People v. Gentile* (2020) 10 Cal.5th 830, 853.)  Section 1172.6, subdivision (d)(2) is explicit that the parties may "stipulate that the petitioner is eligible to have the … attempted murder … conviction[s] vacated and to be resentenced."  The parties agree, as do we, that section 1172.6 does not provide a mechanism for a trial court to dismiss a

---

**4**    The facts underlying defendant's convictions are not relevant to resolution of this appeal.  For that reason, a factual history is omitted.

conviction without resentencing the defendant.[5]  Doing so here was error.  For that reason, we vacate defendant's sentence and remand for full resentencing.[6]

**DISPOSITION**

The order is reversed.

---

**5**　Nor, as defendant correctly notes, was there any other applicable legal basis for the trial court to have dismissed counts 2 and 3 without resentencing defendant.

**6**　We note that the trial court's jurisdiction on remand will extend to application of any ameliorative changes in law that became effective after defendant's sentencing in this case.  (*People v. Lopez* (2025) 17 Cal.5th 388, 400; see § 1171.)