Filed 2/21/24  P. v. Gomez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY GOMEZ,<br><br>Defendant and Appellant. | F086011<br><br>(Super. Ct. No. MCR052942)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Madera County.  James E. Oakley, Judge.  (Retired Judge of the Madera County Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Jesica Y. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Detjen, J. and Snauffer, J.

## INTRODUCTION

In 2016, appellant and defendant Anthony Gomez (defendant) pleaded guilty to voluntary manslaughter and admitted a gang enhancement for a negotiated disposition of 21 years in prison. During the plea hearing, defendant and his attorney stipulated to the prosecutor's lengthy statement as to the factual basis for his pleas.

In 2023, the trial court denied defendant's Penal Code section 1172.6[1] petition for resentencing and found he failed to make a prima facie case for relief, based on defendant's stipulation to the factual basis at the plea hearing.

On appeal, defendant contends the trial court improperly relied on the transcript of the plea hearing and made impermissible factual findings to make the prima facie determination and deny his petition. Defendant asserts the matter must be remanded for an order to show cause and evidentiary hearing because the record of conviction did not show that defendant was convicted under a theory that is still valid after the amendments to sections 188 and 189. As explained, defendant's stipulation to the factual basis at his plea hearing established that he pleaded guilty as a direct aider and abettor, the trial court properly denied the petition, and we affirm.

## PROCEDURAL BACKGROUND

On December 29, 2015, a complaint was filed in the Superior Court of Madera County charging defendant with count 1, murder of Michael Martinez on December 8, 2015 (§ 187, subd. (a)), with the special circumstance that he intentionally killed the victim while an active participant in a criminal street gang (§ 190.2, subd. (a)(22)); and

---

[1] All further statutory citations are to the Penal Code.

Defendant filed a preprinted form as his petition for resentencing that refers to former section 1170.95. The statute was substantively amended, effective on January 1, 2022, and renumbered as section 1172.6 without further change on June 30, 2022. (*People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.) As such, we refer to the subject statute by its current number throughout this opinion.

2

enhancements that a principal personally and intentionally discharged a firearm causing death or great bodily injury (§ 12022.53, subds. (c), (d), (e)(1)); and a principal personally used a firearm (§ 12022.53, subds. (b), (e)(1)).

**Plea Hearing**

On September 12, 2016, the trial court convened a hearing. The prosecutor, defense counsel and defendant were present.

Defense counsel advised the court there was a resolution: the complaint would be amended, and defendant would plead guilty to the new charges of voluntary manslaughter with a gang enhancement, and active participation in a gang, for an aggregate term of 21 years, dismissal of the remaining charges, and waiver of his appellate rights. Defense counsel stated that as to the factual basis, "I have written a factual basis in the Change of Plea form."[2]

The court asked the prosecutor if she reviewed the factual basis. The prosecutor stated the factual basis was sufficient for the gang charges, but it "may need to be more specific for the voluntary manslaughter." Defense counsel replied: "[I]f the district attorney will state the factual basis as to the voluntary manslaughter, … I would stipulate to what the district attorney states to the record." The prosecutor agreed.

After the court advised defendant of his constitutional rights, defense counsel stated that he "just thought of something. I should put, as stated by the district attorney, on the Change of Plea form, I'd like to approach so I can write that factual basis on the Change of Plea form."

The court stated it was returning the plea form to defense counsel: "So the plea form is being returned to [defense counsel] for any appropriate corrections, additions, or deletions. I'll ask that the defendant review that and then initial that, if he agrees to the

---

**2**     We address the plea form in detail below.

3

new changes made." According to the reporter's transcript, there was a pause in the proceedings.

When the hearing resumed, the following exchange occurred:

> "THE COURT: I've received the plea form back, and on page 5 of 7, there's a statement with regard to—and this is the section 9b(1), subdivision (g), stating specific facts, quote 'I aided a gang member who committed a voluntary manslaughter, a felony. I stipulate to the facts as stated by [the] DA as to Count 1.' [¶] Is that your agreement, [defendant]?
>
> "THE DEFENDANT: *Yes, sir.*
>
> "[DEFENSE COUNSEL]: And the initials are above that statement.
>
> "THE COURT: Thank you very much. [¶] And that is at page 5 of 7. I'll hold that up for you to see, and you'll see on the … right-hand column, the initials, the last set of initials on the page above a line, looks like it came off a copier—it shouldn't be there—goes all the way across the page. Are those your initials, sir?
>
> "THE DEFENDANT: Yes, sir.
>
> "THE COURT: Is it your intention to initial that statement I just recited to you?
>
> "THE DEFENDANT: Yes." (Italics added.)

The court granted the prosecutor's motion to amend the complaint to add count 2, voluntary manslaughter (§ 192, subd. (a)) with a gang enhancement (§ 186.22, subd. (b)(1)(C)), and count 3, active participation in a criminal street gang (§ 186.22, subd. (a)).

The court then returned to the factual basis on page 5 of the plea form, and asked the parties if there was going to be "a further explication of facts in support of the plea." The following exchange occurred:

> "[PROSECUTOR]: The People would offer for stipulation that the theory of liability in this case is an aiding and abetting theory for Counts 2 and 3 both, and that the factual basis is as follows: That on December 8th, 2015, in the [C]ounty of Madera, [defendant] drove a vehicle in which a

4

Norteño gang member named Eddie Garza was in the vehicle as well. *[Defendant] put the vehicle in position to allow Eddie Garza to get out of the vehicle and to shoot and kill Michael Martinez, and that when [defendant] acted, his actions did actually aid Mr. Garza to commit that crime, and when [defendant] acted, he acted with the specific intent to aid Mr. Garza in the commission of that crime.*

"Furthermore, that Mr. Eddie Garza was an active participant and active member of the Norteño criminal street gang, and that [defendant] was not a Norteño gang member but was instead an active participant by aiding Mr. Eddie Garza.

"Also, that when [defendant] acted, he acted with the specific intent to help Mr. Garza, who was a Norteño gang member, to commit that crime, and that the conduct that Mr. Garza did actually benefited the Norteño criminal street gang.

"THE COURT:  Thank you, [prosecutor].  [¶]  [Defense counsel], any comment with regard to the statement of the facts in support of the plea?

"[DEFENSE COUNSEL]:  In the aiding and abetting in this case also involved Mr. Garza getting back into the vehicle and my client driving away with Mr. Garza.  I think that *there is more—I think that there is—the aiding and abetting is really the thrust in this case, is the fact that he allowed Mr. Garza to get back in and he drove away with Mr. Garza in the car.*  [¶] … [¶]

"[PROSECUTOR]:  Your Honor, I think *as an addition* that would be fine.

"THE COURT:  All right.  Thank you.

"[PROSECUTOR]:  The People would stipulate.

"THE COURT:  Do you stipulate to that addition, [defense counsel]?

"[DEFENSE COUNSEL]:  Yes.

"THE COURT:  *[Defendant], do you agree to that as well*?

"THE DEFENDANT:  *Yes, sir.*

"THE COURT:  All right.  Thank you.  [¶]  I will accept that, and I will accept the facts in support of the plea."  (Italics added.)

5

The court returned the plea form to defense counsel, and asked if defendant would initial additional language to clarify that he was pleading to new charges identified as counts 2 and 3. Defense counsel and defendant agreed, and defendant initialed the form. The court asked defendant if he agreed and understood, and defendant said, "Yes, sir."

Thereafter, defendant pleaded guilty to counts 2 and 3, and admitted the gang enhancement. The court granted the prosecutor's motion to dismiss the remaining charges.

**The Change of Plea Form**

The change of plea form is part of the instant appellate record. The prosecutor signed the form on September 12, 2016, the day of the plea hearing. The form was filed with the court on the same day. Defendant signed the form on August 27, 2016, and defense counsel signed it on August 26, 2016.

The seven-page form is consistent with the parties' statements at the plea hearing—that defendant would plead guilty to count 2, voluntary manslaughter with a gang enhancement, and count 3, active participation in a criminal street gang, for a disposition of 21 years, dismissal of other charges, and waiver of his appellate rights.

As stated by the trial court, defendant initialed paragraph "9.b.(1)(g)" on page 5 of the plea form, that stated in preprinted language that defendant understood the court had to find a factual basis for the plea, and offered "the following" to the court as the basis for his plea, with the following handwritten statements: "I aided a gang member who committed a voluntary manslaughter, a felony. *I stipulate to the facts as stated by* [*the*] *DA as to count 1*." (Italics added.)

On page 6 of the form, defendant initialed paragraph "9.b.(2)," a preprinted statement: "I am pleading guilty or no contest to take advantage of a plea agreement (my

6

attorney will stipulate to a factual basis for the plea). (*People v. West* (1970) 3 Cal.3d 595.)"[3]

**Sentencing**

On November 4, 2016, the trial court sentenced defendant consistent with the plea agreement to the upper term of 11 years for voluntary manslaughter, a consecutive term of 10 years for the gang enhancement, and a concurrent term of three years for active participation in a gang, for an aggregate term of 21 years in prison.

## DEFENDANT'S PETITION

On October 20, 2022, defendant filed a petition for resentencing in the trial court pursuant to section 1172.6 and requested appointment of counsel. He filed a supporting declaration that consisted of a preprinted form where he checked boxes that he was eligible for resentencing because he was convicted of murder, attempted murder, or manslaughter following a trial, and he could not presently be convicted because of changes made to sections 188 and 189, effective January 1, 2019. The court appointed counsel and set a briefing schedule.

**The People's Opposition**

On December 22, 2022, the People filed opposition, with the transcript of defendant's plea hearing as a supporting exhibit. The People argued defendant's petition should be denied on the prima facie issue because the plea hearing transcript showed defendant "made an adoptive admission to aiding and abetting the killing" there was no need to weigh evidence, and "[t]he stipulated factual basis *conclusively* refutes the allegations in the petition."

The People argued: "During the stipulated to facts that served as the factual basis, the defendant both through counsel, and personally, stipulated to the fact that he aided

---

[3]    As discussed below, a plea pursuant to *West*, *supra*, 3 Cal.3d 595 is a plea of nolo contendere, not admitting a factual basis for the plea. (*In re Alvernaz* (1992) 2 Cal.4th 924, 932.)

7

and abetted the killing. The defendant admitted the theory of liability of which he was convicted was 'aiding and abetting[,'] defense counsel further agreed that the theory of liability was aiding and abetting. Further, all parties stipulated that '[defendant] put the vehicle in position to allow Eddie Garza to get out of the vehicle and to shoot and kill Michael Martinez, and that when [defendant] acted, his actions did actually aid Mr. Garza to commit that crime, and when [defendant] acted, he acted with the specific intent to aid Mr. Garza in the commission of that crime.' "

**Defendant's Reply**

On February 15, 2023, defendant's counsel filed a reply and argued the petition was facially valid and an evidentiary hearing should be held. Counsel further argued the plea form showed defendant entered a *West* plea, the statements by the prosecutor and defense counsel at the plea hearing were not adoptive admissions but only made for the limited purpose of entering the plea, and the *West* plea meant that defendant did not admit the truthfulness of the alleged factual basis.

## THE TRIAL COURT'S HEARING ON THE PRIMA FACIE ISSUE

On March 17, 2023, the court held a hearing on the prima facie question, and stated it had reviewed the pleadings.

The prosecutor restated his arguments from the opposition—that defendant admitted and agreed to the factual basis stated at the plea hearing, that he acted as an aider and abettor of the homicide.

Defendant's counsel replied the plea form showed defendant entered a *West* plea. While the prosecutor and defense counsel stipulated to a factual basis during the plea hearing, the *West* plea meant that defendant "was not necessarily joining in on that; [the attorneys] just had to do it because the pleas require a factual basis." Counsel further argued defendant was 19 years old and unsophisticated when he entered his plea, the exchange at the plea hearing should not be treated as an adoptive admission, the record was ambiguous, and an evidentiary hearing should be held.

8

The court stated it had read the transcript of the plea hearing, and defendant was asked whether he agreed with, and did agree, to the factual basis orally stated by the prosecutor at that hearing. The court found the prosecutor at the plea hearing "made it quite clear that this was an aiding and abetting and that the defendant had the intent to kill."

Defense counsel agreed about the oral stipulation at the plea hearing, but argued there was a factual conflict because the plea form stated defendant was entering a *West* plea, and defendant's stipulation meant "I'm just doing a factual basis because we have to do a factual basis. I'm doing this plea because I'm accepting the benefit of the bargain."

The court stated there may have been a conflict on the plea form, but that there was "a specificity" during the plea hearing based on the exchange between the court, the attorneys, and defendant about the factual basis, and that defendant's attorney went "well out of his way … to have the record be clear that they were going to be stipulating to the factual basis as recited by the District Attorney." The court further found that after the prosecutor stated the more detailed factual basis, defendant was again asked and stated that he agreed to that factual basis.

Defendant's counsel replied defendant's stipulation at the plea hearing was only to the fact that he drove the car. Defendant's counsel further argued that defendant signed the plea form and the *West* advisement before the plea hearing, it was not clear if he understood what stipulating to the factual basis meant, that it could be held against him in the future, there was a conflict in the record as to what defendant said and understood, and the court could not resolve that conflict to make the prima facie finding.

**The Trial Court's Denial of the Petition**

The court denied defendant's petition and found he failed to state a prima facie case. The court relied on the transcript from the plea hearing that showed defendant agreed to the factual basis as stated by the prosecutor.

Defendant filed a timely notice of appeal from the court's order.

9

**DISCUSSION**

On appeal, defendant argues the record of conviction solely consists of the transcript of the plea hearing and the change of plea form, and the trial court erroneously weighed the evidence at the prima facie hearing to determine that defendant stipulated to a factual basis. Defendant repeats his argument from the hearing on his petition—that the plea form stated that he was entering a *West* plea, and the handwritten notation on the form was only sufficient for the gang charges, and the trial court effectively made factual findings by relying on the prosecutor's oral statements at the plea hearing to make the prima facie determination. Defendant further argues that even if the prosecutor's oral statements at the plea hearing were considered, the stated factual basis contained two conflicting theories—"[defendant] cannot be said to have had the intent to kill if the aiding and abetting was his assisting the shooter to flee from the scene."

**I. The Prima Facie Finding**

In determining whether a petitioner made a prima facie case for resentencing under section 1172.6, the court may review the record of conviction that allows the court "to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that … culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)

"In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, *supra*, 11 Cal.5th at p. 972.) "[T]he prima facie inquiry … is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." '

10

[Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.)

To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 957, 974; *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II.  The Record of Conviction and the Plea Hearing

"The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The record of conviction includes the information, the transcripts for the change of plea and sentencing hearing, and the abstract of judgment. (*People v. Fisher* (2023) 95 Cal.App.5th 1022, 1029 (*Fisher*); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329–330, overruled on other grounds by *Lewis*, *supra*, 11 Cal.5th at pp. 962–963; *People v. Abarca* (1991) 233 Cal.App.3d 1347, 1350.)

A "generic" charge of homicide does not specify or exclude any particular theory, and does not establish ineligibility for resentencing as a matter of law. (*People v. Flores* (2022) 76 Cal.App.5th 974, 987; *People v. Eynon* (2021) 68 Cal.App.5th 967, 971–972, 977–979; *People v. Rivera* (2021) 62 Cal.App.5th 217, 233 (*Rivera*).) " 'The factual basis required by section 1192.5 does not require more than establishing a prima facie factual basis for the charges. [Citation.] It is not necessary for the trial court to interrogate the defendant about possible defenses to the charged crime [citation], nor does the trial court have to be convinced of [the] defendant's guilt.' [Citation.] In addition,

11

'[a] defendant is not required to personally admit the truth of the factual basis of the plea, which may be established by defense counsel's stipulation to a particular document.' [Citation.]  Thus, *absent an indication that a defendant admitted the truth of particular facts*, the stipulation to a factual basis for the plea does not 'constitute[ ] a binding admission for all purposes.' " (*Rivera* at p. 235, italics added.)

A "*West* plea" has been characterized as " 'a plea of nolo contendere, not admitting a factual basis for the plea.'  Such a plea, also referred to as an *Alford* plea, based on *North Carolina v. Alford* (1970) 400 U.S. 25, 37–38 …, allows a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or her innocence.  The absence of an admission of guilt has no effect on the use of the resulting conviction as evidence in other criminal actions." (*People v. Rauen* (2011) 201 Cal.App.4th 421, 424; *In re Alvernaz*, *supra*, 2 Cal.4th at p. 932.)

In some cases, however, "the record may reveal that a defendant admitted *more* than the elements of the offense charged, and such additional admissions may preclude relief under section [1172.6]." (*Rivera*, *supra*, 62 Cal.App.5th at pp. 234–235.)  A defendant's ineligibility for resentencing may be "based on his express admissions at the plea colloquy." (*Fisher*, *supra*, 95 Cal.App.5th at p. 1029.)  A plea colloquy is part of the record of conviction, and the trial court may examine the colloquy and make a credibility determination adverse to the defendant on the prima facie issue.  (*Id*. at p. 1028.)  "[A] prosecutor's recitation of the alleged facts underlying the conviction," made "immediately before the court accepted [a] defendant's guilty plea," is part of the record of conviction, along with statements made by the defendant in entering a negotiated disposition.  (*People v. Roberts* (2011) 195 Cal.App.4th 1106, 1120; *People v. Romero* (2022) 80 Cal.App.5th 145, 153; *Fisher*, *supra*, 95 Cal.App.5th at pp. 1028–1029.)

## III.  Analysis

The trial court properly relied on the transcript of the plea hearing to make the prima facie finding, and the court did not make factual findings to do so.  The plea form,

12

considered by itself, contained potentially contrasting statements—the handwritten language about the factual basis on page 5, and the checkmark on the preprinted language that defendant was entering a *West* plea on page 6.

The transcript of the plea hearing, however, clarifies and resolves this conflict, and did not require the court to make any factual or credibility findings to make the prima facie determination. (*Fisher*, *supra*, 95 Cal.App.5th at pp. 1028–1029.) Defendant was initially charged with count 1, the first degree murder of Michael Martinez with a special circumstance, but pleaded guilty to the newly added charges of count 2, voluntary manslaughter with a gang enhancement, and count 3, active participation in a criminal street gang, pursuant to a negotiated disposition of 21 years.

At the beginning of the plea hearing, defense counsel initially raised the issue of the factual basis as he stated the terms of the negotiated disposition, and added, "I have *written* a factual basis in the Change of Plea form," and never referred to a *West* plea. (Italics added.) In response, the prosecutor stated that defense counsel's written factual basis was sufficient for the gang charges, but it "may need to be more specific for the voluntary manslaughter." Defense counsel replied: "[I]f the district attorney will state the factual basis as to the voluntary manslaughter, … I would stipulate to what the district attorney states to the record."

The prosecutor agreed and later stated the extensive factual basis quoted above— that defendant was pleading pursuant to an aiding and abetting theory, that he drove the car, Eddie Garza was the passenger, and defendant "*put the vehicle in position to allow Eddie Garza to get out of the vehicle and to shoot and kill Michael Martinez, and that when [defendant] acted, his actions did actually aid Mr. Garza to commit that crime*, and when [defendant] acted, *he acted with the specific intent to aid Mr. Garza in the commission of that crime*," with the crime being the killing of Martinez. (Italics added.)

After the prosecutor made these statements, defense counsel added that "the aiding and abetting in this case *also* involved Mr. Garza getting back into the vehicle and my

13

client driving away with Mr. Garza. I think that there is more—I think that there is—the aiding and abetting is really the thrust in this case, is the fact that he allowed Mr. Garza to get back in and he drove away with Mr. Garza in the car." (Italics added.) The prosecutor replied that "*as an addition* that would be fine." (Italics added.) At that point, the prosecutor and defense counsel stipulated to the factual basis. The court asked defendant if he agreed, and defendant said, "Yes, sir."

Defendant thus stipulated to the specific factual basis that he acted as an aider and abettor and shared Garza's intent to kill Martinez. "Generally, a defendant may be convicted of a crime either as a perpetrator or as an aider and abettor. [Citation.] An aider and abettor can be held liable for crimes that were intentionally aided and abetted (target offenses); an aider and abettor can also be held liable for any crimes that were not intended, but were reasonably foreseeable (nontarget offenses). [Citation.] Liability for intentional, target offenses is known as 'direct' aider and abettor liability; liability for unintentional, nontarget offenses is known as the ' " 'natural and probable consequences' doctrine." ' " (*In re Loza* (2018) 27 Cal.App.5th 797, 801.) Under the direct theory, the prosecution "must show that the defendant acted 'with knowledge of the criminal purpose of the perpetrator *and* with an intent or purpose either of committing, or of encouraging or facilitating commission of, the offense.' " (*People v. Gomez* (2018) 6 Cal.5th 243, 279.) The amendments to sections 188 and 189 did not alter the law regarding the criminal liability of direct aiders and abettors because such persons necessarily " 'know and share' " the homicidal intent of the actual perpetrator. (*People v. Offley* (2020) 48 Cal.App.5th 588, 595–596; *People v. Jenkins* (2021) 70 Cal.App.5th 924, 931; *People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

Defendant contends the plea form showed his intent to enter the plea pursuant to *West*, and to the extent any stipulations or statements were made at the plea hearing, the trial court engaged in impermissible factfinding to rely on those statements to make the prima facie determination. The plea colloquy, however, is part of the record of

14

conviction, and the trial court "may make a credibility determination adverse to [a petitioner] on this basis." (*Fisher*, *supra*, 95 Cal.App.5th at p. 1028.) Defense counsel participated in the discussion about the specific factual basis, and never objected or asserted defendant was entering his plea pursuant to *West*.

Defendant further argues that his agreement to the stipulation at the plea hearing cannot be considered as an admission to his role in the homicide, and instead he simply agreed to the factual basis as a condition of entering his plea. A defendant's admissions in entering a guilty plea "pursuant to a negotiated plea" are not " ' "stray comment[s]," ' " but are binding and part of the record of conviction. (*People v. Romero*, *supra*, 80 Cal.App.5th at pp. 152–153.) During the entirety of the plea hearing, defense counsel participated in the discussions about the factual basis, agreed to the prosecutor's detailed statement, and never objected or asserted that defendant was only entering his plea pursuant to *West*. At each part of the discussion, the court asked defendant to specifically state whether he agreed to the stipulated factual basis as stated by both the prosecutor and defense counsel, and defendant said, "Yes, sir."

Defendant also argues that even if the statements at the plea hearing were considered, the stated factual basis contained two conflicting theories—"[defendant] cannot be said to have had the intent to kill if the aiding and abetting was his assisting the shooter to flee from the scene"—and this conflict must be resolved at an evidentiary hearing. During the lengthy colloquy, the prosecutor stated the factual basis for manslaughter was as a direct aider and abettor of the homicide itself, and defense counsel then added defendant's role allowed the gunman to get back into the car after the shooting. The prosecutor did not withdraw her previous statement, but instead agreed to defense counsel's language "as an addition." At that point, both parties stipulated and defendant said he agreed. The parties clearly agreed the two statements addressed the entirety of the amended charges, and were complimentary rather than conflicting.

15

The record thus shows that at the plea hearing, defendant "admitted *more* than the elements of the offense charged, and such additional admissions … preclude relief under section [1172.6]." (*Rivera*, *supra*, 62 Cal.App.5th at p. 234; *Fisher*, *supra*, 95 Cal.App.5th at pp. 1028–1029.)  As a result, defendant was ineligible for resentencing as a matter of law, and the trial court properly denied his petition without issuing an order to show cause because the record of conviction established defendant was not convicted of voluntary manslaughter under an imputed malice theory.

## DISPOSITION

The court's order of March 17, 2023, dismissing defendant's petition for resentencing, is affirmed.

16