Filed 12/30/24  P. v. Fields CA5
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MAURICE LAFAY FIELDS,<br><br>    Defendant and Appellant. | F083476<br><br>(Super. Ct. No. F21900886)<br><br><br>**OPINION** |

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Monica R. Diaz, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Clifford E. Zall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Poochigian, J. and Peña, J.

This matter is before us on transfer from our Supreme Court for reconsideration in light of *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*), which settled a division among courts of appeal on the appropriate standard for assessing prejudice in the context of noncompliance with the requirements of Penal Code section 1170, subdivision (b)(1), (2), and (3)[1] as modified by Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567). In accordance with the direction of the Supreme Court, we have vacated our earlier decision and permitted supplemental briefing from the parties.

Defendant Maurice Lafay Fields pled no contest pursuant to a plea agreement to infliction of corporal injury to a cohabitant in exchange for dismissal of other counts and enhancement allegations. He was sentenced to the upper term of four years' imprisonment, execution of the term was suspended, and the trial court granted defendant a term of probation. Defendant later violated probation and the suspended sentence was executed. In his original briefing in this appeal, he argued he was entitled to resentencing in light of Senate Bill 567's changes to section 1170, subdivision (b). After the matter was transferred by our Supreme Court, defendant's appellate counsel filed a letter indicating he did not intend to file a supplemental opening brief. Likewise, the People have not filed a supplemental brief. Nevertheless, we conclude that defendant's sentence must be vacated and the matter remanded for resentencing in light of *Lynch* because an upper term sentence was imposed, at least in part, based on aggravating factors not proved in compliance with section 1170, subdivision (b) and the record contains no clear indication the trial court would have imposed the same sentence if it understood the new scope of its discretion.

We vacate defendant's sentence and remand for full resentencing. In all other respects, the judgment is affirmed.

---

[1] All statutory references are to the Penal Code.

# PROCEDURAL SUMMARY

On April 20, 2021, the Fresno County District Attorney filed an information, charging defendant with false imprisonment (§ 236; count 1), making criminal threats (§ 422; count 2), inflicting corporal injury to a cohabitant (§ 273.5, subd. (a); count 3), and human trafficking (§ 236.1, subd. (b); count 4). The information further alleged that defendant had suffered two prior strike convictions. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).)

On June 17, 2021, pursuant to a negotiated plea agreement, defendant pled no contest to count 3 of the information. In exchange for his no contest plea, the plea agreement required dismissal of all other counts and allegations and provided a sentence that included no initial state prison and dismissal of the remaining counts and allegations. The plea agreement indicated that the trial court could find a factual basis pursuant to "*People v. West*"[2] and the trial court confirmed that the parties "stipulate[d] … the crime reports and[/]or the preliminary hearing transcript … would [provide] a factual basis" for defendant's plea. After defendant entered his no contest plea, the prosecutor dismissed the remaining counts and allegations "reserving the right to comment and with a *Harvey*[3] waiver." Prior to the prosecutor's comment, no mention was made of a *Harvey* waiver, defendant was not asked to waive *Harvey* protections, and the plea agreement was silent regarding a *Harvey* waiver.

---

**2**     *People v. West* (1970) 3 Cal.3d 595. A *West* plea is " 'a plea of nolo contendere, not admitting a factual basis for the plea,' " which "allows a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or her innocence." (*People v. Rauen* (2011) 201 Cal.App.4th 421, 424.)

**3**     *People v. Harvey* (1979) 25 Cal.3d 754. In *Harvey*, our Supreme Court held that a trial court may not consider evidence of any crime as to which charges were dismissed as an aggravating circumstance to support the upper term on any remaining count or counts. (*Id.* at p. 758.) "To avoid the *Harvey* restriction, prosecutors often 'condition[] their plea bargains upon the defendant agreeing that the sentencing court may consider the facts underlying the not-proved or dismissed counts when sentencing on the remainder' "—a so-called "*Harvey* waiver." (*People v. Munoz* (2007) 155 Cal.App.4th 160, 167.)

3.

On July 16, 2021, the trial court sentenced defendant to four years' imprisonment (the upper term) on count 3. It imposed the upper term based upon its true findings on the following circumstances in aggravation: "defendant has engaged in violent conduct which indicates a serious danger to society" (California Rules of Court, rule 4.421(b)(1))[4]; "defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous …" (rule 4.421(b)(2)); "defendant has served a prior term in prison …" (rule 4.421(b)(3)); and "defendant's prior performance on probation, … or parole was unsatisfactory" (rule 4.421(b)(5)).[5] The court then suspended execution of the sentence and granted defendant felony probation for a term of three years.

On October 22, 2021, following a contested violation of probation hearing, the trial court concluded that defendant violated the terms of his probation. The court revoked defendant's probation and imposed the previously suspended four-year term of imprisonment.

On October 25, 2021, defendant filed a notice of appeal.

On June 20, 2022, this court filed its now-vacated opinion in this case.

On October 3, 2024, our Supreme Court transferred the matter to this court with directions to vacate our prior opinion and reconsider in light of *Lynch*. We afforded the parties the opportunity to submit supplemental briefing. Both declined.

---

**4**      All rules references are to the California Rules of Court.

**5**      To quote the trial court verbatim: "The Court is selecting the aggravated term based upon the violent conduct that is indicated by the probation report and the serious danger to society which is indicated by that conduct, the number of prior convictions [defendant] has suffered, as well as the number of prior prison terms he has served, and the fact that [defendant's] prior performance on parole or probation has been unsatisfactory."

## FACTUAL SUMMARY

Because defendant's plea was entered pursuant to *People v. West*, the trial court relied on the police reports in finding a factual basis. The probation officer summarized the facts of a police report in defendant's case.

Defendant was in a sexual relationship with the confidential victim (CV). On December 14, 2020, at approximately 3:08 a.m., Fresno police officers responded to a domestic disturbance call involving defendant and CV. CV told officers she had an active warrant and asked to be arrested. Officers removed CV from defendant and discovered that she had no active warrant. CV told officers that she was staying at a friend's house when defendant told her to come outside and threatened to burn the house down if she would not comply. She exited the home. Defendant then struck her with a belt, grabbed her hair, and forced her to his vehicle.

CV also told officers that on December 13, 2021, defendant struck her repeatedly on her left arm with his closed fist. When she fell to the ground, defendant "stomped" her right side approximately three times, causing her head to strike the ground and bruising to her left arm and her ribs.

## DISCUSSION

Defendant originally contended that we were required to vacate his sentence and remand the matter because defendant did not admit, and the trial court did not find true, the facts underlying the circumstances in aggravation that the trial court relied upon in imposing the upper term. While he did not submit a supplemental brief after we afforded him an opportunity to do so, in light of our Supreme Court's decision in *Lynch*, we conclude that the argument presented in his original brief is correct. Moreover, the record provides no clear indication that the trial court would have exercised its discretion in the same way had Senate Bill 567 been in effect on the date defendant was sentenced.

From March 30, 2007, to January 1, 2022, California's determinate sentencing law specified that "[w]hen a judgment of imprisonment [wa]s to be imposed and the statute

5.

specifie[d] three possible terms, the choice of the appropriate term … rest[ed] within the sound discretion of the court." (§ 1170, former subd. (b).)

Effective January 1, 2022, Senate Bill 567 amended section 1170, subdivision (b). (Stats. 2021, ch. 731, § 1.3.) Section 1170, subdivision (b)(2) now provides, "[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) As an exception to the general rule, a trial court is permitted to rely upon a certified record of conviction to determine prior convictions without submitting the matter to a jury. (§ 1170, subd. (b)(3); see *Erlinger v. United States* (2024) 602 U.S. 821, 838 ["[A] judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' "].)

In *Lynch*, our Supreme Court held that where a trial court employed a former version of section 1170, subdivision (b), and relied on facts not proved in compliance with section 1170, subdivision (b) to impose the upper term, the sentence must be vacated and the matter remanded unless we conclude beyond a reasonable doubt that the jury would have found the facts underlying *all* circumstances in aggravation relied upon by the trial court true beyond a reasonable doubt. (*Lynch*, *supra*, 16 Cal.5th at pp. 742–743, 761.) "In making this determination, we may ' "examine[] what the jury necessarily did find and ask[] whether it would be impossible, on the evidence, for the jury to find that without also finding the missing fact as well." [Citations.] …' We may also find the omission harmless if we can conclude beyond a reasonable doubt 'that the omitted [fact] was uncontested and supported by overwhelming evidence.' " (*Id*. at p. 775, italics omitted.) Further, because Senate Bill 567 "altered the scope of the trial court's discretion," for sentences imposed under the former version of section 1170,

6.

subdivision (b), "the record must clearly indicate that the court would have found an upper term justified had it been aware of its more limited discretion." (*Id*. at p. 743; see *id*. at p. 777 [providing examples of the "kind of definitive statements" that our Supreme Court has found to clearly indicate a trial court "would not impose a lesser sentence under any circumstances"].)

Here, the trial court imposed the upper term, in part, "based upon the violent conduct that is indicated by the probation report and the serious danger to society which is indicated by that conduct … and the fact that [defendant's] prior performance on parole or probation has been unsatisfactory." Those first and fourth circumstances in aggravation were not based on facts proved in conformity with section 1170, subdivision (b)(2) or (3). (*Lynch*, *supra*, 16 Cal.5th at pp. 742–743.)

As to the first circumstance in aggravation found true by the trial court, the probation report reflects defendant had a lengthy criminal history, including two strike convictions. However, even if we could find that portion of the aggravating circumstance true beyond a reasonable doubt—and the record before us does not provide "overwhelming evidence" for that proposition (*Lynch*, *supra*, 16 Cal.5th at p.775)—we cannot conclude beyond a reasonable doubt that the jury would have found true beyond a reasonable doubt that defendant's prior violent conduct presently "indicate[d] a *serious danger to society*." (Rule 4.421(b)(1), italics added.) Our Supreme Court has cautioned against attempting to determine whether a jury would have found true aggravating circumstances that require "an imprecise quantitative or comparative evaluation of the facts." (*People v. Sandoval* (2007) 41 Cal.4th 825, 840.) "[T]o the extent a potential aggravating circumstance … rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." (*Ibid*.) Such is the case here. Whether defendant posed a serious danger to society is a somewhat subjective inquiry, not capable of precise determination. For

instance, the jury might have concluded that defendant's use of a belt as a weapon during the offense or "stomp[ing]" on CV suggested he posed a serious threat to society. Or it could have determined that because his attack was targeted at a specific person, or because he was not armed with a deadly weapon, he was not a *serious danger* to society. Any conclusion on our part would be speculative.

Because we cannot find the omission of a jury finding harmless beyond a reasonable doubt as to the second aggravating circumstance, defendant's sentence must be vacated and the matter remanded for full resentencing.[6] (*Lynch*, *supra*, 16 Cal.5th at p. 776.) For that reason, we need not address the other unproved aggravating circumstances. Moreover, our review of the record provides no clear indication that the trial court would have imposed the upper term in light of the new presumptive middle term. (*Lynch*, at p. 777.) For those reasons, we vacate defendant's sentence and remand for resentencing.

## DISPOSITION

Defendant's sentence is vacated and the matter is remanded for full resentencing in conformity with section 1170, subdivision (b). The People may elect to retry the aggravating facts on remand. In all other respects, the judgment is affirmed.

---

**6** " ' "The proper remedy for this type of failure of proof—where … [aggravating facts] were 'never tried' to the jury—is to remand and give the People an opportunity to retry" ' the aggravating facts." (*Lynch*, *supra*, 16 Cal.5th at p. 776.)